(77 Misc. Rep. 543.)

### WATSON v. EMPIRE ENGINEERING CORPORATION.

(Supreme Court, Trial Term, Niagara County.    September 17, 1912.)

1. LICENSES (§ 60*)—POSSESSION OF PROPERTY OF STATE—RIGHTS ACQUIRED.

   Where one erecting a sawmill on state land adjacent to the Erie Canal was permitted to maintain and operate it for over 30 years, unmolested by the state, he became a licensee, and his rights could be terminated without compensation only by giving him a reasonable notice to remove the property.

   [Ed. Note.—For other cases, see Licenses, Cent. Dig. § 123; Dec. Dig. § 60.*]

2. STATES (§ 83*)—POSSESSION OF PROPERTY OF STATE—RIGHTS ACQUIRED— "STRUCTURE."

   Barge Canal Act (Laws 1903, c. 147) § 4, as amended, providing for the appropriation by the state of lands, structures, and waters for canal purposes, relates only to the acquisition of land, with structures and waters appurtenant thereto, and does not include a sawmill erected and maintained by an individual on state land adjacent to the Erie Canal; and a contractor to perform the work of enlargement required by the barge canal in the vicinity of the mill, who demolishes the mill under the direction of the state engineer, is not liable to the owner thereof, but the owner must litigate the question of compensation before the Board of Claims, under Code Civ. Proc. § 264.

   [Ed. Note.—For other cases, see States, Cent. Dig. § 84; Dec. Dig. § 83.*

   For other definitions, see Words and Phrases, vol. 7, pp. 6700–6702; vol. 8, p. 7806.]

Action by Israel M. Watson against the Empire Engineering Corporation to recover damages. Complaint dismissed, on motion for direction of verdict by both parties.

George F. Thompson, for plaintiff.

George D. Judson, for defendant.

POUND, J. [1] In the year 1873 plaintiff erected a sawmill on state lands adjacent to the Erie Canal at Watson's Bridge, and thereafter operated the same down to the times hereinafter mentioned. As others have done, he built within the "blue line." His mill was allowed to remain, unmolested by the state, for so many years that it is presumed that the state acquiesced therein. He thus is to be regarded as a licensee, rather than as a trespasser. As such, his rights could be terminated without compensation only by giving him a reasonable notice to withdraw and remove his property from the premises. 25 Cyc. 650.

On August 6, 1908, the state entered into a contract with defendant to perform the work of enlargement required by the Barge Canal in the vicinity of plaintiff's mill. In the contract, plaintiff is named as owner of the mill, and it is provided that defendant shall become the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

owner thereof, and shall remove the same from the state lands, along with 50 other buildings on the site of the contract and mentioned therein. Under this contract, defendant, acting under direction of the state engineer, demolished the mill in October, 1909.

Plaintiff brings his action to recover damages from defendant, on the ground that the state never lawfully terminated his license, nor appropriated his building, and that therefore the defendant was a trespasser when it destroyed the mill, and was not protected by its contract with the state. Prior to the date of the contract with defendant, no notice was given to plaintiff to remove his mill, nor was any statutory appropriation of the mill ever made.

The state doubtless had the right at any time to terminate plaintiff's license and to require him to remove his building from the canal lands. After due notice to remove, the building would become an encroachment, which the state might remove; but it could not, without compensation and without warning, deprive the plaintiff of valuable property which it had allowed to be erected on its lands and used there for many years. Instead of giving plaintiff any formal notice to move his mill off the canal lands, the state agreed to turn it over to defendant, and afterwards directed defendant to take possession of it. Defendant, on its part, agreed to pay for it, and to remove it from the site of the canal contract.

[2] Was there a valid appropriation by the state of plaintiff's mill for canal purposes? If so, the defendant is protected thereby as the agent or servant of the state.

"The first defense is that defendant was acting under the authority of the state, which had the right to locate its banks where it would, subject only to its liability for compensation for damages to be obtained through the Court of Claims. It seems clear that the state has the right to dam up this stream without furnishing another outlet therefor, if it had deemed necessary in the prosecution of this work, and that damages could have been procured therefor through the Court of Claims. *If the state had the right so to do, its servant acting in its behalf, or one who by contract does its work, is guilty of no wrong in so doing."* Meneely v. Kinser Construction Co., 128 App. Div. 799, 113 N. Y. Supp. 183.

If the state has not appropriated the mill, defendant is liable for the value of the building. The rule as to the appropriation of *lands* and as to contractor's liability for encroachment on unappropriated lands is well stated in Van Alstine v. Belden, 41 App. Div. 123, 58 N. Y. Supp. 521, affirmed in 161 N. Y. 661, 57 N. E. 1127, as follows:

"This brief epitome of two or three of the several enactments relating to the accession of lands for canal purposes shows the trend of the Legislature has been to place in definite, systematic shape the method to be pursued in making the appropriation. In the first place, the power was vested in the canal commissioners, without any restriction as to the form in which they exercised that power. Their ipse dixit seemed to be all that was essential. Later, in the development of the method of acquiring these lands, the Legislature required the making of a survey, and the filing of a map of the lands to be appropriated, and the service of a notice containing a description of them upon the owner or occupant, as a prerequisite to the appropriation of the lands. This method relieved the state from liability arising from the acts of irresponsible contractors and assumed agents, and assured the owner the state was to award compensation for the lands taken. The drift of this

legislation is to fix liability upon the state when these preliminaries have been accomplished. The defendant began piling dirt upon the plaintiffs' property in December, 1896, and prosecuted this work until some time in May following. No survey was made, no map filed, and no notice served upon plaintiffs on behalf of the state until after the completion of this work, and until after the defendants had been sued in this action. *Clearly the defendants are liable. The plaintiffs could not hold the state, as it had not assumed to act in the way the statute explicitly provided.*"

Barge Canal Act, § 4 (Laws 1903, c. 147, as amended), provides for the appropriation by the state of "lands, structures and waters" for canal purposes by filing a survey, map, and a certificate, and giving notice to the owner. This section plainly has to do with the acquisition of *land,* with structures and waters appurtenant thereto, not of personal property or structures on state land. The section title, as well as the entire wording of the section, indicates that buildings erected by others on state lands with the consent of the state are not within its scope. Obviously the proper way to deal with them is to give the owner reasonable notice to remove them, rather than to file a map, survey, and certificate, and serve notice, as in the case of private lands taken. Plaintiff's mill, as between him and the state, was personal property, not land. No express provision is made by law for the appropriation of personal property by the state for canal purposes. Any actual appropriation by the state was therefore sufficient to protect the defendant as the state's agent, and to charge the state with liability, provided it furnished a tribunal with jurisdiction to hear the claim and make a proper award.

"*It is not necessary that notice should be given to the owner, except as provided by statute. The state has a right to acquire the property of an individual without any notice whatever,* provided he has an opportunity for a full and fair hearing on the question of compensation. The statutes under which the canal lands were originally acquired contained no provision for serving notice upon the owner in any manner. 1 R. S. 220, § 16; Laws of 1835, c. 274, § 5. The constitutionality of these and similar acts has been asserted in People v. Adirondack R. Co., 160 N. Y. 225, 240, 241 [54 N. E. 689]. The only notice which the owners were entitled to have of the appropriation itself is such as is provided by statute." Gring v. American Pipe & Construction Co., 74 Misc. Rep. 570, 132 N. Y. Supp. 545.

Plaintiff has such a tribunal—the Court (now the Board) of Claims —in which to litigate the question of compensation with the state. Code Civ. Proc. § 264.

I am of the opinion that the state might at any time either (a) have terminated plaintiff's license without liability for appropriating his mill by giving him reasonable notice to remove it from state lands, or (b) have appropriated the mill without giving such notice, subject, in the latter case, to the duty of compensating plaintiff for the value of his building as it stood. In either event, the defendant, acting under state authority, incurred no liability to plaintiff for its acts. Meneely v. Kinser, Const. Co. supra.

Defendant urges that plaintiff had ample notice and opportunity to remove his mill, and that he failed to avail himself of the privilege. That question had best be reserved for a litigation with the state. It is not necessary to a decision here. The resident engineer in charge

of the work testifies that he told plaintiff, after the contract was executed, but before the building was turned over to defendant, that plaintiff "could probably remove the mill," and the assistant engineer testifies that he told plaintiff about the same time that "if you wish to remove those buildings, or anything removable from this property, you are at liberty to do so."

This is at best vague, indefinite, and informal, inconsistent with the act of the higher state authorities in agreeing that defendant should have the building, and is without evidence of authority. I base my decision on the holding that the state appropriated the property by making the contract and directing defendant to proceed thereunder, rather than on the holding that it terminated plaintiff's rights before taking possession of the mill.

Complaint dismissed. Judgment accordingly.