GEORGE DOUGLAS MILLER, Plaintiff, *v.* EDWARD S. WALSH, Individually and as Superintendent of Public Works of the State of New York, Defendant.

(Supreme Court, Monroe Special Term, February, 1921.)

Injunctions — summary appropriation by the state of disputed land, under Laws of 1911, chap. 746, for canal uses, is a complete answer to a motion to continue an injunction.

The rule that a public body may not institute proceedings under the Condemnation Law to condemn property which it claims to own, is not operative as against the state in its appropriation of lands for canal terminal uses.

Several notices sent by the state superintendent of public works to plaintiff directing him to remove that part of a build-

ing which he claims to own, but which the state claimed encroached upon canal lands, was followed by a letter of advice to the effect that in the case of plaintiff's refusal or failure to make such removal, the department of public works would cause the same to be demolished and removed at plaintiff's expense. *Held*, that the summary appropriation by the state of the portion of land in controversy, made pursuant to statute (Laws of 1911, chap. 746) for Barge canal terminal uses, was a complete answer to a motion to continue an injunction theretofore procured by plaintiff in an action brought to restrain the defendant individually and as superintendent of public works from entering upon the premises until the further order of the court.

Plaintiff's reliance upon the Statute of Limitations to buttress his claim, if his title should otherwise fail, does not change the situation, and he runs no hazard of being unjustly deprived of any advantage attaching to his claim of ownership to the land in dispute, and his rights are securely safeguarded against infringement without the protection of an injunction.

MOTION on behalf of the plaintiff, brought on upon an order to show cause why the injunction granted herein should not be continued until the issues in this action between the plaintiff and the defendant shall have been finally determined.

Joseph W. Taylor and Thomas J. Hargrave, for plaintiff.

Charles D. Newton, Attorney-General (Edward J. Mone, Deputy Attorney-General), for defendant.

STEPHENS, J. This action was brought to restrain the defendant from interfering in any way with the property which the plaintiff claims to own, situated upon the southwest corner of South avenue and Court street, in the city of Rochester, and which is bounded on the west by the east line of the prism of the Erie canal.

The state of New York claims that the building on said premises encroaches upon the canal lands, and in

August, 1920, the defendant notified the plaintiff of such claim and directed him to remove the part of the building on its land on or before September first; notice of like import was given in December, requiring that the removal be made on or before January 15, 1921; these notices were followed by a later one in December advising the plaintiff that if he refused or failed to remove the offending structure the department of public works would cause the same to be demolished and removed at his expense; on January 13, 1921, the plaintiff procured an injunction in this action restraining the defendant from entering upon said premises until the further order of the court, together with the order to show cause why the said injunction should not be continued; the motion was heard on January twenty-ninth and submitted on briefs February twelfth.

Since the injunction was obtained and after the moving papers were served the state appropriated that portion of the land in controversy pursuant to chapter 746 of the Laws of 1911 for the purposes of the Barge canal terminal at Rochester and the defendant sets up this appropriation as a complete answer to the plaintiff's motion.

Upon the appropriation map, following the description of the property appropriated, is the statement that "nothing herein contained shall be construed as an admission by or on the part of the state of title to said parcel in any party other than the State of New York, the state on the contrary contending that said parcel is within the canal Blue Line and is its property."

This assertion of title in itself upon the appropriation map the plaintiff earnestly insists defeats the purpose of the state and that the defendant, therefore, is unaided by its action, founding his argument upon

the proposition that the state or any other public body cannot institute condemnation proceedings to secure possession of property that it owns or claims to own. *Matter of City of Yonkers,* 117 N. Y. 564; *Matter of Village of Olean,* 135 id. 341; *City of Geneva* v. *Henson,* 195 id. 447. The general principle for which the plaintiff contends is supported by the authorities cited and it indeed is re-affirmed in *People ex rel. Palmer* v. *Travis,* 223 N. Y. 150, an authority upon which the defendant confidently relies.

The position of each party here is fortified by well reasoned argument and our problem is to discover whether the plaintiff can successfully prevent the summary appropriation by the state of the property which each claims to own until after the conflicting claims to title have been settled in this litigation because of the assertion by the state of its claim to ownership in the initial notice of appropriation and whether the state is limited in taking property for canal terminal purposes by the same rules that are applicable in proceedings under the Condemnation Law.

Section 8 of chapter 746 of the Laws of 1911 provides that: ''The state engineer may, with the approval of the canal board * * * enter upon, take possession of and use lands, structures and waters * * * the appropriation of which for the barge canal terminals * * * shall in his judgment be necessary''. After compliance with certain requirements specified in the statute, all of which have been duly observed in this instance including service upon the plaintiff of the notice of appropriation with a map of the property taken, ''the entry upon and the appropriation by the state, of the property described * * * shall be deemed complete and such notice so served shall be conclusive evidence of such entry and appropriation and of the quantity and boundaries of· the

property appropriated." *Kahlen* v. *State of New York,* 223 N. Y. 383. The statute further provides that: " The court of claims * * * shall have jurisdiction to determine the amount of compensation for lands, structures and water so appropriated."

It was held in the *Palmer* case, above referred to, that the above quoted provision of the statute relating to the jurisdiction of the Court of Claims was not a limitation upon the general jurisdiction of the court elsewhere conferred, and that the court had jurisdiction to determine the title to land so taken as between question of title but their inquiry is restricted to the the state and a rival claimant.

The established rule that a public body may not institute proceedings under the Condemnation Law to condemn property which it claims itself to own is a rule of necessity, for the commissioners appointed in such proceedings are not authorized to pass upon the amount of compensation to be awarded. *City of Geneva* v. *Henson,* 195 N. Y. 447. This rule, however, is not operative as against the state in its appropriation of lands for canal terminal uses for as a part of the plan in which the state is permitted summarily to take possession of real property all questions relating to title between the state and reputed owners and the compensation to be given are placed within the jurisdiction of a constituted tribunal to determine.

The conclusion which our discussion anticipates finds further support in *First Construction Co.* v. *State of New York,* 221 N. Y. 295; *Miller* v. *State of New York,* 164 App. Div. 522; affd., 223 N. Y. 690.

In the first of the cases last above cited the appropriation was of " all the right, title and interest not belonging to the State of New York" in the described premises, the state asserting by inference, at any rate, some title or interest in them; in the second, the notice

of appropriation states "it being contended that title to said land is and has heretofore been in the State of New York and John F. Miller and Dugald C. McIntyre claiming to own the whole or some part thereof, now, whatever rights, title or interest if any therein are held or owned by them are appropriated * * *;" the language used being not essentially different from that which is now under scrutiny; in the one case the title of the claimant was partially and in the other wholly denied; in *Palmer* v. *State of New York,* 174 App. Div. 933; affd., 220 N. Y. 565, the proceeding before the Court of Claims that gave rise to the later case mentioned above, the state neither directly nor by inference upon its appropriation map claimed to own any part of the real property or interest therein involved; however, during the course of the hearing before the referee to whom the matter of title, among other things, was referred to be determined it did claim some interest adverse to the plaintiff's ownership; the right of the state, therefore, to try its title to lands that may have been appropriated by it has the sanction both of a recognized practice and of authority; it is a matter of indifference, in my opinion, when the state asserts its claim to title whether at the initiation of the proceedings in its notice of appropriation or later when the parties are before the court for the adjudication of their respective interests; if such claim is omitted from the notice it can, nevertheless, be asserted in the Court of Claims, and if alleged in the notice the subsequent procedure is necessarily no different, for "where the state claims title to any lands which under its appropriation map it has assumed to take, this queston of title must necessarily be settled before any award can be made " (*People ex rel. Palmer* v. *Travis, supra*), and practically, if the plaintiff owns the property he

will be compensated for it, if he does not own it the state simply comes into its own; the appropriation of the premises in question by the state is inevitable, whoever the owner may be, and if the plaintiff should succeed in this action, the injunction continuing, the amount of the compensation would be fixed in precisely the same manner after the determination of any issues involved here as before such determination.

The plaintiff's reliance upon the Statute of Limitations, to buttress his claim if his title should otherwise fail, does not change the situation, for in whatever manner the title of the plaintiff may be supported, whether by adverse possession or by the record, it is determinable in the Court of Claims; moreover, title by prescription as against the state is but little esteemed in the authorities. *Fulton Light, H. & P. Co.* v. *State of New York,* 200 N. Y. 400.

I conclude that the plaintiff runs no hazard of being unjustly deprived of any advantage attaching to his claim of ownership to the real property and that his rights are securely safeguarded against infringement without injunctive protection.

The motion is denied.

Motion denied.