JONES BEACH BOULEVARD ESTATE, INC., Appellant, v. ROBERT MOSES and Others, Respondents.— Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the plaintiff, with costs, enjoining the defendants from enforcing the ordinance in question so far as it applies to the five entrances into plaintiff's property from the causeway. We are of the opinion that the reservation contained in the deed, dated February 17, 1927, gave the grantor the right to cross the road that was to be constructed thereafter through the property conveyed at the time this deed was delivered, and that the plaintiff in the present case has succeeded to such rights. There was no thought on the part of any of the parties to that instrument at the time it was delivered that the easement was to be subject to the ordinance passed long after. It is clear, we think, that it was the intention that the grantor in that deed should have a right of way over and across the entire road at the points indicated. Furthermore, we are of the opinion that, in so far as the five rights-of-way now remaining are concerned, the ordinance is unreasonable and invalid. Findings of fact and conclusions of law in conflict with this decision are reversed and new findings will be made in accordance with this decision. Stay granted pending appeal by the respondents to the Court of Appeals. Young and Tompkins, JJ., concur; Lazansky, P. J., concurs with the following memorandum: The regulation either as an exercise of police power or as one made under the terms of the deed is unreasonable and is, in effect, a deprivation of the use of property without due process of law. If the regulation be deemed an entry and appropriation for park purposes, it is illegal. (Laws of 1926, chap. 16, § 3; *Pauchogue Land Corp.* v. *State Park Comm.*, 243 N. Y. 15.) When the property to the east and west of the parkway has been developed by roads or streets parallel to the parkway, then the situation may be different. Scudder and Davis, JJ., dissent and vote to affirm. The reservation of easements contemplated further regulation of the use thereof by the commission. The ordinance is not an unreasonable exercise of the police power in the interest of public safety. Individual rights must yield in view of public benefit to be obtained. The sovereign power to regulate the use of the highway is dominant, but the plaintiff is not deprived of the right to compensation. It may make claim or bring suit for the damages sustained, if the use of the highway makes an appropriation of its property by this summary occupation of the ease-

ments. There is no lack of due process. (*American Woolen Co.* v. *State of New York*, 195 App. Div. 698.) Settle order on notice.