CITY OF ALBANY, Respondent, *v.* STATE OF NEW YORK, Appellant.
(Claim No. 37708.)

Third Department, May 27, 1964.

*Louis J. Lefkowitz, Attorney-General (Julius L. Sackman* and *Paxton Blair* of counsel), for appellant.

*John W. Hacker, Corporation Counsel (J. Raymond Fisher* of counsel), for respondent.

*Per Curiam.* The State appeals from a judgment of the Court of Claims in favor of respondent in the amount of $217,831.46, with interest, as compensation for certain lands appropriated for use in connection with the New York State Thruway.

Between 1951 and 1954 the properties here involved were appropriated for the use of the Thruway. These properties fall into three categories: 14 parcels, totaling 16.784 acres, which were beds of streets; 12 parcels, totaling 61.413 acres, which had been used for water supply purposes, and 1 parcel of 50.506

acres also used for water supply purposes rendered inaccessible by reason of the other appropriations. Appellant urges that the properties involved were owned by the city in its governmental capacity and that therefore under the common-law rule, the taking by the State was not compensable (see, e.g., *City of Schenectady* v. *State of New York,* 6 Misc 2d 232, app. dsmd. 9 A D 2d 851 and cases cited therein). We have no difficulty in finding that both the land held for street purposes (e.g., *People* v. *Grant,* 306 N. Y. 258; *Markey* v. *County of Queens,* 154 N. Y. 675) and that used for water supply purposes (*Brush* v. *Commissioner,* 300 U. S. 352; *Fire Ins. Co.* v. *Village of Keeseville,* 148 N. Y. 46) were held in a governmental rather than a proprietary capacity. Respondent, however, argues that even if this be so the award should be sustained because the taking was by the Thruway Authority, which it is urged is not a taking by the State, or alternatively on the grounds that section 3 of the General Municipal Law, which changed the common-law rule to allow compensation to a municipality if the land to be taken is to be for a substantially different purpose from that for which it was held by the municipality, is applicable. We cannot agree with either contention. Respondent asserts that since subdivision 1 of section 10 of the Court of Claims Act provides that personal service of a copy of the description and map and notice of filing thereof be made and since no such personal service was made prior to March 8, 1960, the effective date of section 3 of the General Municipal Law, the cause of action herein had not accrued at the time section 3 became effective and, therefore, its claim filed April 11, 1960, after the effective date, fell under the purview of section 3. Section 10, however, deals only with the time of filing claims and notices of intention to file claims and not with the accrual of such claims. Here the vesting date for all the parcels was stipulated to be July 1, 1953 and even if it is assumed such date was agreed on solely for the purposes of computing interest, all of the taking concededly took place well before March 8, 1960 (cf. *American Woolen Co.* v. *State of New York,* 195 App. Div. 698). Nor can section 3 be applied retroactively (see *City of New Rochelle* v. *State of New York,* 19 A D 2d 674, affd. 14 N Y 2d 559; *Central School Dist. No. 1* v. *State of New York,* 18 A D 2d 943, affd. 13 N Y 2d 1031). The legislative history of this section clearly belies such a construction. Similarly we find no merit in the contention that the appropriation being for the Thruway should affect the result (*City of New Rochelle* v. *State of New York, supra*).

The judgment should be reversed, on the law and the facts, and the claim dismissed, without costs.

GIBSON, P. J., HERLIHY, REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment reversed, on the law and the facts, and the claim dismissed, without costs.