■ VIRGINIA PATTEN, Respondent, v STATE OF NEW YORK, Appellant. (Claim Nos. 63427 and 63936.) — Appeal from a judgment in favor of claimant, entered February 3, 1983, upon a decision of the Court of Claims (Hanifin, J.). The State's appeal in this matter is limited to whether the Court of Claims erred in ruling that a tenant on property adjoining a public highway should have been personally served with notice that the State appropriated part of the public highway, i.e., two feet without access across Luther Street in the City of Oneonta, Otsego County, which adjoined the property rented by claimant. The State took two feet of roadway across the mouth of Luther Street at its intersection with Main Street in 1971 pursuant to subdivision 19 of section 30 of the Highway Law. The State followed the procedure outlined in the statute and filed a map and description of the taking in the county clerk's office and published a map and description of the taking in the local newspaper. No personal notice was served on claimant. Neither the newspaper notice nor the map filing set forth the names of persons affected thereby. The State did nothing as to these two feet, nor did it interfere with the flow of traffic at Luther and Main Streets. In 1978, the State made a further appropriation of five feet of Main Street and served notice of the appropriation on claimant. The map served on claimant indicated the prior 1971 taking. In May, 1978, the State broke up the street pavements on Luther Street and, in mid-June of 1978, the street intersection of Main and Luther Streets was closed for the first time. A timely claim was filed as to the March, 1978 taking. During the trial on the 1978 appropriation claim, claimant first learned of the 1971 appropriation map. The trial court permitted claimant to amend her claim to include the 1971 taking, which decision figured in the ultimate consideration of damages and affected the decision thereon. The trial court held that subdivision 1 of section 10 of the Court of Claims Act was applicable and that, since claimant was never served with a copy of the Luther Street map, her time to file a claim for damages had not yet run. There must be an affirmance. Subdivision 19 of section 30 of the Highway Law set out the procedure for taking title to the bed of a street by requiring the filing of a map with a description and the publication of the description in a newspaper.* The statute was enacted by

_____

* Subdivision 19 of section 30 of the Highway Law has since been repealed (L 1982, ch 678, § 2, eff July 22, 1982) and its provisions moved to EDPL 402 (subd [A], par [4]).

chapter 544 of the Laws of 1944. The statutory language provides for an expedited proceeding so as to avoid the time and expense of searching titles along the street bed. Thus, the burden of providing proof of title, should a claim of damages be made, was placed upon the claimant. We note that this section of the law contains no Statute of Limitations or tolling period applicable to claims arising from street bed taking for highway construction. It contains similar language to that contained in section 347 of the Highway Law, passed in 1942 (L 1942, ch 914). The legislative history of this statute clearly indicates that the enactment of the procedure was motivated by cost considerations related to preparation of abstracts of title (*City of Albany v State of New York,* 38 Misc 2d 300, revd on other grounds 21 AD2d 224, affd 15 NY2d 1024). Subdivision 19 of section 30 of the Highway Law also contained, in relevant part, the following language: "All other provisions in this section relating to claims on account of such appropriation shall apply to claims which may arise under this subdivision with the same force and effect." Pursuant to subdivision 13 of section 30, the right to pursue a claim for bed taking in the Court of Claims is specifically recognized. Subdivision 1 of section 10 of the Court of Claims Act, enacted in 1948, was also a Department of Public Works bill and the memorandum from that department to the Governor's counsel states in relevant part: "This bill seeks to assure that the owners of lands so appropriated shall have notice of such appropriation and adequate opportunity to file a claim" (NY Legis Ann, 1948, p 151). Subdivision 1 of section 10 clearly provides: "A claim for the appropriation by the state of lands, or any right, title or interest in or to lands shall be filed within three years after the accrual of such claim, or where title is vested by the filing of a description and map in the office of the county clerk or register, then within three years after personal service of a copy of such description and map and notice of filing thereof or if personal service cannot be made within the state, then within three years after the filing of the description and map and the recording of notice of filing thereof." The reading of these statutes indicates clearly that claimant is entitled to damages for the 1971 appropriation which, in effect, closed and eliminated the Luther-Main Streets access and of which taking claimant had no knowledge until the litigation occurred as to the 1978 taking. Claimant's claim to damages had not yet accrued even though the filing of the State's appropriation map occurred in 1971. Fundamental due process requires that notice reasonably calculated to alert parties to governmental action be given and that they be afforded an opportunity to be heard (see *Schroeder v City of New York,* 371 US 208; *Matter of City of New York [Grand Blvd.],* 212 NY 538). Judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.