(163 App. Div. 830)

PEOPLE ex rel. SMITH v. SOHMER, State Comptroller. (No. 209–128.)

(Supreme Court, Appellate Division, Third Department. September 23, 1914.)

1. STATES (§ 184*)—COURT OF CLAIMS—JURISDICTION—LAND TITLES.

 Where land to which relator claimed title had been appropriated by the state for Barge Canal purposes, and relator thereupon filed with the Court of Claims a claim for such appropriation, on which he recovered judgment for damages, the court, being a statutory one, had no jurisdiction to pass on conflicting titles, and hence the judgment was not a conclusive determination that relator's title was marketable.

 [Ed. Note.—For other cases, see States, Cent. Dig. §§ 172–175; Dec. Dig. § 184.*]

2. STATES (§ 187*)—PUBLIC IMPROVEMENTS—BARGE CANAL—CONDEMNATION OF LAND—AWARD—DISTRIBUTION.

 Where relator filed a claim with the Court of Claims for an appropriation of land by the state for the Barge Canal, and was awarded a specified sum as damages, but it appeared that relator's title was not marketable, he was then only entitled to have the award deposited at interest in a bank, to be distributed to the persons entitled thereto as ordered by the Supreme Court on an application filed as provided by Canal Law (Consol. Laws, c. 5) § 88.

 [Ed. Note.—For other cases, see States, Cent. Dig. § 177; Dec. Dig. § 187.*]

Appeal from Trial Term, Albany County.

Mandamus by the People, on relation of George G. Smith, against William Sohmer, as State Comptroller. From an order denying a per-

emptory writ, and dismissing the proceedings, relator appeals. Reversed, and writ ordered, directing the Comptroller to deposit an award for land taken for the Barge Canal to the account of the award, to be paid under subsequent directions by the Supreme Court under Canal Law, § 88.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lynn Bros., of Rochester (William F. Lynn, of Rochester, of counsel), for appellant.

Thomas Carmody, Atty. Gen. (Henry Selden Bacon, Deputy Atty. Gen., of counsel), for respondent.

LYON, J.   In 1910 the state appropriated for Barge Canal purposes lands of which the relator claimed to have title.   The relator thereupon filed with the Court of Claims a claim for such appropriation, which upon trial in said court resulted in November, 1911, in a judgment for $2,545.86.   Thereafter there was filed with the State Comptroller a certified copy of the judgment, a certificate of no appeal by the Attorney General, a release and waiver of lien by claimant's attorneys, and an abstract of title of the premises.   The Attorney General disapproved of the abstract of title, and the Comptroller for that reason refused payment of the judgment.

The relator, claiming that the Court of Claims possessed jurisdiction to determine whether he had a good title, and also jurisdiction to determine the value of such title, and that the question of his title had been submitted to and passed upon favorably by the Court of Claims, applied for a peremptory writ of mandamus directing the Comptroller to pay the judgment.   The respondent filed answering affidavits, and an alternative writ was thereupon issued, to which the respondent made return.   The issues thus raised were brought to trial before the Special Term under a stipulation that the court should decide the facts and the law.   The court decided that the title held by relator was not a marketable title, but was defective, in that it was subject to a contingent remainder in behalf of persons yet unborn, and that in the trial before the Court of Claims the question of what title the claimant had in the lands was not submitted to the court for its determination, nor was the abstract of title before the court for its consideration.   The Special Term held as conclusions of law that the Court of Claims was without jurisdiction to determine any issue with regard to the nature of the title held by the relator, and that that court did not in fact make such determination, and that the respondent was entitled to an order dismissing the proceeding.   From the order denying the writ of mandamus, and dismissing the proceeding, this appeal has been taken.

Unquestionably the relator had not a marketable title to the lands appropriated, and he does not now contend that he did have such title. He relies for success on this appeal upon the claim that the Court of Claims had jurisdiction to determine as to the validity of his title, that such matter was submitted to that court to determine, and that the court made such determination, and accordingly made the award.   Upon the other hand, the respondent contends that the Court of Claims

had not jurisdiction to determine as to the validity of relator's title, that it did not assume to make such determination, and that the relator is not entitled to receive payment of the award, for the reason that he has not complied with a requirement necessary to obtain payment, in that he has not filed with the Comptroller a satisfactory abstract of title showing that he is legally entitled to such damages.

[1] The Court of Claims, being a statutory court, did not have jurisdiction to pass upon conflicting titles, and it had only such powers as were conferred upon it by statute. Taylor v. State, 124 N. Y. Supp. 818; People ex rel. Swift v. Luce, 204 N. Y. 478, 97 N. E. 850, Ann. Cas. 1913C, 1151. And the evidence fails to establish the relator's contention that that court assumed to pass upon the validity of relator's title, and sustains the finding of the trial court that the Court of Claims did not assume to do so.

[2] Evidently the determination of the Court of Claims was not intended to fix the value of relator's interest in the lands appropriated, but to determine the value of a marketable title to such lands. While the relator, not possessing such title, was therefore not legally entitled to receive the award, he was, however, entitled to have the award deposited by the Comptroller at interest in a bank, in which moneys belonging to such fund may be deposited to the account of such award, to be paid and distributed to the persons entitled thereto as ordered by the Supreme Court on an application to such court pursuant to the provisions of section 88 of the Canal Law, and until such distribution shall be made to have paid to him, his heirs and assigns, annually, during the lifetime of William Smith, the interest on said award.

The order appealed from should therefore be reversed, and a writ of mandamus ordered issued directing the State Comptroller to make such deposit of the award. All concur.