(174 App. Div. 933)

**PALMER et al. v. STATE.**

(Supreme Court, Appellate Division, Third Department. September 13, 1916.)

Appeal from Court of Claims.

Action by Sarah E. Palmer and others, as surviving executors and trustees under the last will and testament of Henry U. Palmer, and others, against the State. From a judgment for plaintiffs, the State appeals. Affirmed.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRAN, JJ.

PER CURIAM. Judgment affirmed, with costs.

JOHN M. KELLOGG, P. J. (dissenting). The Cartlidge patent contained the provision:

"That if said Charles Cartlidge or his heirs or assigns shall not within ten years from the date thereof actually appropriate and apply the above-described premises to the purposes of commerce, by erecting dock or docks thereon and filling in the same, then these presents and everything herein contained shall cease and determine and become void."

The other patents contained a similar provision, with a substantial difference only as to the time for erecting and filling in the docks. At the time the patents were granted 402,310 square feet of this land were under navigable waters, and 228,646 square feet of the land patented are still under navigable waters from 10 to 20 feet deep, so that apparently about one-half of the award is for land which the patentee never made available for commerce, but it is now in the same state in which it was when the grant was made. The grant was intended to promote commerce and to make the land available for public use. The patentee having failed to comply with the conditions of the patent, the state has appropriated the land for the purposes of commerce, thus dedicating it to the use contemplated by the grant. We need not consider when the patentee filled in and made available for commerce the parts filled in, but so long as the state permitted it to be filled in, even after the time mentioned in the deed, perhaps the state is not now in a position to urge that the terms of the patent were not complied with. But as to land which the patentees never did anything to make available for commerce the plaintiff is not entitled to recover, as the state is now making this property available for commerce after the grantee has disappointed it in that respect.

The referee, as I understand, concludes that, the grant being in the present tense, the grantees had the immediate title and possession, and continues:

"I therefore incline to the view that the condition expressed is in law a condition subsequent subject to forfeiture upon the election of the state in case of noncompliance by the grantee, and that, inasmuch as there was no such election until after the conditions were complied with by the present owner of the uplands in the years above specified, no forfeiture can now be adjudged."

He may be right as to the amount which the grantees actually filled in, but as to the amount which remains mere ocean at the present time I think the state may resume possession of it, and has done so by the appropriation. It was not the intent of the grant that the grantee, by completing and filling in a dock covering a part of the granted premises, should become the owner of the land under water in front or at the side of his dock, so that the dock he has built can only be approached by passing over land under water, the title of which is in the patentee. The right of the people to navigate the waters which remain after the dock is built, and their ownership of the land under the water, is not affected by the terms of the grant and the building of a dock upon a part of the premises granted. The state is appropriating the docks filled in, and the mere question is whether it must pay for the part of the ocean which the patentee might have filled in and made into a dock, but has neglected to do so. The patentee and his successors suffer no damage by such a construction. They had the right to fill in all the premises and to become and remain the owners . thereof. They, however, voluntarily elected to take title to the part only which they filled in, and cannot now prevent the state from making the part which they neglected to use available for the purposes of commerce. I therefore favor a reversal of the judgment.

I am satisfied the judgment overvalues the property taken on a square foot basis. The owner of this kind of property, who has had the control of it for many years and knows the different uses to which it can be put, and the income, if any, derivable from it, is a much better judge of its value than experts whom he may hire to give an opinion as to its value. There is not one value to property for the purpose of taxation and another value for the purpose of sale. The question is: What is the reasonable and fair market value of the property? It may not be just always to confine an owner to a valuation which he has fixed upon his property for the purpose of taxation; but where the owner is apparently a business man, and has a better understanding of the real value of the property than others, if he seeks a higher price than he valued it for the purposes of taxation, he should be able to show that he had formerly made a mistake, and explain his testimony. The award is so out of line with the testimony of the plaintiff given upon the question of taxation that I conclude that the per foot value fixed upon this property is excessive.

For these reasons I favor a reversal of the award and a new trial, so that it may definitely be determined how much property actually belonging to the plaintiff has been appropriated by the state, and what its fair value was at the time of the appropriation.

WOODWARD, J., concurs in this dissent.