THE PEOPLE OF THE STATE OF NEW YORK ex rel. SARAH E. PALMER and Others, as Surviving Executors of and Trustees under the Last Will and Testament of HENRY U. PALMER, Deceased, and GRACE H. PALMER and Others, as Executors, etc., of LOWELL M. PALMER, Deceased, Respondents, v. EUGENE M. TRAVIS, as Comptroller of the State of New York, Appellant.

Third Department, November 14, 1917.

Barge canal — appropriation of lands — Court of Claims — certificate of Attorney-General that no appeal will be taken by State condition precedent to authority of Comptroller to pay judgment for damages — necessity for approval by Attorney-General of abstract of title — jurisdiction of Court of Claims limited by statute — jurisdiction to determine title as between claimant and State.

The provision of section 269 of the Code of Civil Procedure that no judgment against the State shall be paid until there is filed with the Comptroller a certificate of the Attorney-General that no appeal from such judgment has been or will be taken by the State, is mandatory, and is a condition precedent to the authority of the Comptroller to pay a judgment for damages for lands taken under the Barge Canal Act.

Under section 8 of the Barge Canal Terminals Act (Laws of 1911, chap. 746), providing that " The Attorney-General shall furnish to the Comptroller and State Treasurer all searches necessary to prove the title to the lands taken," and under section 269 of the Code of Civil Procedure providing that the abstract of title and certificate of search as to incumbrances must be satisfactory showing the person demanding such damages to be legally entitled thereto, the failure of the Attorney-General to furnish such search cannot be interposed by the State Comptroller as a defense to the payment of an award for damages on account of the permanent appropriation of lands for Barge canal purposes; nor can the Comptroller arbitrarily claim that the abstract is not satisfactory or that it must be approved by the Attorney-General, where said abstract and certificate filed with the Comptroller, taken in connection with certified copies of the judgment of the Court of Claims, affirmed by the Appellate Division and the Court of Appeals show conclusively a good title in the claimants.

The jurisdiction of the Court of Claims is limited to the powers expressly conferred by statute.

The Court of Claims has jurisdiction to determine the title to lands appropriated for Barge canal purposes, as between the State and the claimants, and its judgment affirmed by the Appellate Division and the Court of Appeals is conclusive as between the State and the claimants as to the title, the amount of compensation and the persons legally entitled to receive the same.

KELLOGG, P. J., and WOODWARD, J., dissented.

APPEAL by the defendant, Eugene M. Travis, as Comptroller, from an order of the Supreme Court, made at the Rensselaer Special Term and entered in the office of the clerk of the county of Albany on the 19th day of May, 1917, granting relators' application for a peremptory writ of mandamus.

*Merton E. Lewis,* Attorney-General [*Adelbert F. Jenks, Wilber W. Chambers* and *Blaine F. Sturgis* of counsel], for the appellant.

*Harris & Towne* [*William H. Harris* of counsel], for the respondents.

LYON, J.:

This is an appeal by the Comptroller of the State from an order of the Special Term granting an application made by the relators for a peremptory writ of mandamus requiring the Comptroller to pay to the relators the principal and interest of an award made by the Court of Claims for damages on account of the permanent appropriation of lands taken by

the State for barge canal purposes pursuant to chapter 746 of the Laws of 1911.

Following the appropriation of the lands by the State, the trial of the claim was referred by the Board of Claims, pursuant to the provisions of chapter 229 of the Laws of 1911 to Hon. Albert Haight, agreed upon by the stipulation of the Attorney-General and the counsel for the claimants, as sole referee to hear, try and determine the same. Such stipulation so far as necessary to be considered at this time provided that the question of title to the lands involved in the claim, and the question of the permanent appropriation by the State of the claimants' land, and the question of the damages sustained thereby by the claimants, and of the property and rights which were appropriated by the State from the claimants, and all other questions of law and fact, the determination of which was necessary for the disposal of the claim, be so referred, the trial to take place at the earliest convenience of the referee, each party to accept a reasonable notice of trial. It was also stipulated that the decision of the referee should have all the force and effect as if decided by the Board of Claims, and should be submitted to the Board of Claims with the recommendation that the Board adopt such decision as and for its own, neither party to the stipulation waiving the right to appeal from such decision as the decision of the Board of Claims as provided by law.

The claim came on for trial before the referee who made findings of fact and conclusions of law as to the title of the lands appropriated, to the effect that the claimants were the owners thereof, and fixed the value of said lands, including said damages, at $825,000, amounting at the time of the entry of the judgment, with interest, to $960,712.50. Such determination was adopted by the Court of Claims, and a judgment or determination of that court entered thereon March 30, 1915. An appeal was taken by the State from such determination to the Appellate Division, which affirmed the award (*Palmer* v. *State of New York*, 174 App. Div. 933), and its decision was in turn affirmed by the Court of Appeals. (220 N. Y. 565.) Upon the filing of the remittitur from the Court of Appeals in the office of the clerk of the Court of Claims an order was entered making the judgment and order of the Court of Appeals the

judgment and order of the Court of Claims. Thereafter the respondents filed in the office of the State Comptroller certified copies of the said determination of the Court of Claims; of the judgment entered upon the affirmance by the Appellate Division; of the judgment entered upon the affirmance by the Court of Appeals; of an abstract of title and certificate of search as to incumbrances on the lands described in the judgment, claimed by relators to show that the persons now demanding the payment of the award were legally entitled thereto; a release or waiver by the attorneys for the claimants of any lien for services upon said claimants' cause of action, award and judgment, and thereafter demanded payment by the Comptroller of the said award, which the Comptroller declined to make. Thereupon the relators applied to the Special Term for a peremptory writ of mandamus directing the Comptroller to pay to them the amount of said award with interest. From the order granting the application this appeal has been taken.

The contention of the appellant is practically twofold: That a certificate of the Attorney-General that no appeal from the judgment has been or will be taken by the State has not been filed with the Comptroller, and that the claimants have not filed with the Comptroller a satisfactory abstract of title and certificate of search as to incumbrances showing the persons demanding the damages to be legally entitled thereto, both of which acts are required by section 269 of the Code of Civil Procedure to be done as conditions precedent to the payment of the judgment.

The relators concede that such certificate of the Attorney-General has never been filed with the Comptroller, but contend that it was unnecessary in view of the fact that the certified copies of the papers filed with the Comptroller show that the judgment was entered upon an affirmance by the Court of Appeals, and that the affidavit of one of the relators' attorneys, used upon the application for the writ of mandamus, alleges " that said judgment is final and no right of appeal therefrom exists," which allegation is not denied in the opposing affidavits. No such affidavit had been presented to the Comptroller, a layman, at the time he refused to make the payment, and it is probably not material whether

it had been or not. The Comptroller had not been a party to the proceedings of appraisal and hence bound with knowledge of the legal steps which had been taken and the results thereof. It was not his duty to determine as to the necessity for such certificate in view of the litigation which had been had, nor to know whether or not a Federal question had arisen, or for some other reason a further appeal could be taken. He was doubtless possessed of the common information that in some instances decisions of the Court of Appeals were not final but that appeals might be taken therefrom. It was sufficient for him to know that upon a demand made upon him for the payment of more than $1,000,000 as the result of litigation he was confronted by a mandatory provision of a statute that he should not make payment of the judgment without having first had presented to him the certificate of the Attorney-General that no appeal had been or would be taken by the State. This case is not in line with those cases where production of a certificate is excused because of the impossibility of furnishing it, as, for instance, by reason of the death of the only person who could give it. So far as appears no excuse whatever exists for the failure of the relators to produce the certificate. It has not even been claimed that any demand was made upon the Attorney-General therefor. Had such demand been made and improperly refused, the relators had open to them a simple and prompt means of compelling the Attorney-General to give the certificate. The relators take their stand upon the sole ground that the production of the certificate was not necessary. In this, we think, they are wrong, and that the production of the certificate being a statutory condition precedent to the authority of the Comptroller to pay the judgment, the Comptroller was under the circumstances justified in refusing to make the payment. (*Buckles* v. *State of New York,* 221 N. Y. 418.)

As to the contention of the Comptroller that there have not been filed with him a satisfactory abstract of title of the lands appropriated, and certificate of search as to incumbrances showing the relators to be legally entitled to the damages awarded, concededly the relators filed an abstract and certificate, but the Comptroller contends that such abstract is required to be approved by the Attorney-General,

and that until that has been done, he is not able to determine that the relators are legally entitled to the damages awarded. Section 8 of the act commonly known as the Barge Canal Terminals Act (Laws of 1911, chap. 746) provides: " The Attorney-General shall furnish to the Comptroller and State Treasurer all searches necessary to prove the title to the lands taken." Section 269 of the Code of Civil Procedure does not require that the abstract of title and certificate of search as to incumbrances be approved by the Attorney-General. It simply says that they must be satisfactory as showing the person demanding such damages to be legally entitled thereto. The apparent intention of section 8 of the Barge Canal Terminals Act was to relieve the owner of the land from the expense of furnishing the search. However that may be as to the canal terminals, the failure of the Attorney-General to furnish such search cannot be interposed as a defense to the payment of the award, nor can the Comptroller be heard arbitrarily to say that the abstract is not satisfactory, or that it must be approved by the Attorney-General before the Comptroller is able to determine as to relators' title, in view of the fact that the abstract and certificate filed with the Comptroller, taken in connection with the certified copies of the said judgments rendered in the proceeding, show conclusively a good title in the relators in case the Court of Claims had jurisdiction to pass upon the question of title.

The appellant contends, however, that the Court of Claims did not have jurisdiction to pass upon the relators' title. That court is not a tribunal named in the Constitution of the State, but is a creature of statute and its jurisdiction is limited to the powers expressly conferred thereby. (*People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *People ex rel. Smith* v. *Sohmer,* 163 App. Div. 830, 832; affd., *sub nom. People ex rel. Smith* v. *Travis,* 215 N. Y. 709.) Section 264 of the Code of Civil Procedure provided that the Board of Claims " has jurisdiction to hear and determine a private claim against the State  *  *  *  and the State hereby consents, in all such claims, to have its liability determined.  *  *  *." Section 8 of the Barge Canal Terminals Act (*supra*) provided: " The Court of Claims, or the Board, if any, succeeding to its powers and duties, or by which it is or may be super-

seded, shall have jurisdiction to determine the amount of compensation for lands, structures and water so appropriated." The referee found that at the time of the service of the notice of appropriation, the claimants were the owners and in quiet and undisturbed possession of the premises appropriated, a small portion of which originally were uplands abutting upon the East river, a portion thereof lands under water between the uplands and the bulkhead line as established by the harbor commissioners, and a portion lands between the bulkhead line and the pier head line.

While the appellant concedes that the Court of Claims had jurisdiction to determine the compensation to be made for the lands appropriated, he cites *People ex rel. Smith* v. *Sohmer* (*supra*) as authority for the proposition that that court has not the jurisdiction to determine the title. In that case we held that the Court of Claims did not have jurisdiction to pass upon conflicting titles to real property appropriated, but the question as to whether the Court of Claims had jurisdiction to determine the question of title between a claimant and the State was not involved and was not considered. In that case there was a conflict of title between the claimant and a third party. The State had no title and claimed none. As between the State and a claimant for damages on account of lands appropriated the Court of Claims clearly has the right to determine as to title. In no other way could it pass upon the claim of the claimant to compensation. If the court has not that authority it is difficult to see through what tribunal a claimant could enforce compensation. He would not have the right to sue the State. The State certainly would not be liable to a claimant for the appropriation of its own lands and in order to determine the compensation to which a claimant is entitled the court must determine the extent of the claimant's interest in the land appropriated. In *People ex rel. Swift* v. *Luce* (*supra*) it was held that chapter 205 of the Laws of 1883, now section 264 of the Code of Civil Procedure, conferred on the Board of Claims jurisdiction of the broadest character which included every private claim against the State, and authorized the determination of setoffs or counterclaims by the State against the claimant. That case also held that the Legislature could not confer power on the Board of

Claims to adjudicate a claim made against any party who did not make a claim against the State.    The case of *First Construction Co.* v. *State of New York* (221 N. Y. 295) is direct authority for the proposition that the Board of Claims had jurisdiction to pass upon the question of the title of the State to lands appropriated for barge terminal purposes for which appropriation the claimant sought compensation as the owner.    To these authorities may be added that of the present case in which the Court of Appeals affirmed the Appellate Division in affirming the determination of the Court of Claims, which at the inception of the proceeding was the Board of Claims.    As between the State and the claimants the judgment is conclusive as to the title, the amount of compensation, and the persons legally entitled to receive the same.

The order appealed from should be reversed and the writ dismissed upon the ground first stated, with fifty dollars costs and disbursements to the appellant.

All concurred, except Kellogg, P. J., and Woodward, J., who dissented

Order appealed from reversed and writ dismissed, with fifty dollars costs and disbursements to the appellant.