.original boundary between the grants to Dr. Peter Moulton, and later to Cornelia Lawton. The latter's plat of lots on Grand street and her grant in 1863 to Louis Anthony show this boundary to be seventy-two feet from Grand street, which distance she gives as the depth of lot 6, on each side. Such records by one under whom appellant derives his title were not overcome by the production of the Curtis map. Plaintiff's three verdicts are well supported. Present — Jenks, P. J., Thomas Mills, Rich and Putnam, JJ.

In the Matter of the Application of WILLIAM H. NUNEZ, Respondent, for Payment of Award, etc., in Proceedings to Acquire Title to West Thirteenth Street, etc., Borough of Brooklyn, City and State of New York. THE CITY OF NEW YORK, Appellant.— Order reversed, with ten dollars costs and disbursements, on authority of *Matter of Jones* (178 App. Div. 654), and it is ordered that the award be set off against and credited on the assessment. Motion for payment of the award denied, with ten dollars costs. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred. Order to be settled before Mr. Justice Blackmar.

In the Matter of the Judicial Settlement of the Account of GUSTAV ZIMMERMANN and SOPHIE ZIMMERMANN, as Executors, etc., of FRIEDRIKE RABER, Deceased, Respondents. JULIUS RABER and AUGUST C. RABER, Appellants; EDWARD M. GROUT, Special Guardian, Respondent.— Decree of the Surrogate's Court of Kings county affirmed, with costs payable out of the estate, on the opinion of the surrogate. (Reported in 104 Misc. Rep. 699.) Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

JOSEPHINE KNAPP LESTER, Respondent, v. GEORGE B. LESTER, Appellant.— Order modified by striking out the words " for want of power only," and as modified affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Putnam, Blackmar and Kelly, JJ., concurred.

GEORGE MILNE and PETER H. CRAM, Appellants, v. JAMES H. CRUIKSHANK and WILLIAM D. KILPATRICK, Respondents.— Judgment and order reversed and new trial granted, costs to abide the event, on the ground that the testimony raised an issue of fact which should have been submitted to the jury. Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

JACOB DANIEL MYERS, an Infant, by His Guardian ad Litem, Appellant, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Defendant. DENNIS F. O'BRIEN and Others, Respondents.— Order reversed, with ten dollars costs and disbursements, and matter remitted to the Special Term, with direction to proceed to determine the amount of the attorney's compensation as provided by section 474 of the Judiciary Law,* as amended by chapter 229 of the Laws of 1912, and to make such further order in the premises as justice may require. Jenks, P. J., Mills and Blackmar, JJ., concurred; Rich and Kelly, JJ., voted to affirm. Order to be settled before Mr. Justice Blackmar.

JACOB MYERS, Appellant, v. BROOKLYN HEIGHTS RAILROAD COMPANY, Defendant. DENNIS F. O'BRIEN and Others, Respondents.— Order reversed,

* Consol. Laws, chap. 30; Laws of 1909, chap. 35.— [REP.