THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. WILLIAM A. SCHACHT, Defendant.

Court of General Sessions of the County of New York, July 24, 1928.

Crimes — grand larceny — defendant was retained to prosecute negligence action for infant under agreement to pay him fifty per cent of recovery — amount recovered was $750 — court allowed defendant $200 as his fee — defendant retained $375 — contract of employment was legal except that fee of attorney could not be fixed by contract (Judiciary Law, § 474) — motion to dismiss indictment denied.

The defendant, an attorney at law, was indicted for grand larceny. He was engaged to prosecute an action for an infant under a contract to pay him fifty per cent of the recovery. The recovery amounted to $750 and the defendant retained $375, although the court fixed his fee at $200 under section 474 of the Judiciary Law. While the contract of employment was legal, the fee that the defendant could retain was only the amount fixed by the court. Therefore, if he retained more than that amount, he committed the crime of larceny. There was sufficient legal evidence to sustain the indictment, and the motion to dismiss is denied.

MOTION by defendant to dismiss indictment for grand larceny, second degree.

*Joab H. Banton, District Attorney,* and *Ferdinand Pecora, Chief Assistant District Attorney,* for the plaintiff.

*Louis Kaplan* and *Lester M. Friedman,* for the defendant.

ROSALSKY, J. Charles Gaucher, an infant, sustained personal injuries. Mrs. Alice Gaucher, his mother, retained the defendant, an attorney, to bring action for damages. He was to receive fifty per cent of the recovery. The retainer was signed by Mrs. Gaucher before her appointment as guardian. This point, although emphasized on the argument of the motion, is absolutely of no significance, as she prosecuted the action after her appointment and thus approved and continued the terms of the retainer. (*Matter of Reisfeld,* 227 N. Y. 137, 141.)

The infant's action was settled for $750 and an action commenced by his father for $250. An order was made by a justice of the Supreme Court, New York county, permitting the compromise of the infant's action for the sum of $750 and allowing the defendant the sum of $200 as suitable compensation for his services therein. The defendant turned over to Mrs. Gaucher the sum of $500 and retained for himself a like amount, in accordance with the terms of the agreement. The defendant never told Mrs. Gaucher that he was awarded only $200 as compensation for his services in the infant's action, notwithstanding that he had specifically brought to

PEOPLE *v.* SCHACHT. 561

Misc. 560]   Court of General Sessions, County of New York, July, 1928.

the attention of said justice the agreement under which he was to receive fifty per cent of any recovery.

In the general inquiry into the alleged improper practices of some attorneys retained to prosecute and defend actions for personal injuries, which is now being conducted by Mr. Justice WASSERVOGEL of the Supreme Court in New York county, it developed that the defendant had withheld and appropriated to his own use the sum of $175 from the infant's estate over and above the sum of $200 allowed to him by the court. The learned justice ordered that the district attorney present to the grand jury the facts concerning this alleged misappropriation. The grand jury of New York county returned an indictment against the defendant accusing him of the crime of grand larceny in the second degree.

While the defendant raises several questions as to the validity of the indictment, based upon the testimony adduced before the grand jury, the only question which merits serious consideration is the claim of the defendant that the agreement entered into between the guardian and himself by the terms of which he was to receive fifty per cent of any recovery is a valid and enforcible agreement, under which he was entitled to the sum of $375, being one-half of the amount for which the infant's action was settled, and that, therefore, he did not commit the crime charged in the indictment.

The agreement made between the guardian and the defendant is invalid and unenforcible under section 474 of the Judiciary Law (as amd. by Laws of 1912, chap. 229), which expressly states " that no agreement made hereafter between an attorney and a guardian of an infant for the compensation of such attorney, dependent upon the success of the prosecution by said attorney of a claim belonging to said infant, or by which such attorney is to receive a percentage of any recovery or award in behalf of such infant or a sum equal to a percentage of any such recovery or award, shall be valid or enforceable unless made as hereinafter provided. An attorney may contract with the guardian of an infant to prosecute, by suit or otherwise, any claim for the benefit of an infant for a compensation to said attorney dependent upon the success in the prosecution of such claim, *subject to the power of the court*, as hereinafter provided, *to fix the amount of such compensation*. Whenever such a contract shall have been entered into between an attorney and a guardian of an infant, * * * upon any compromise or settlement of such claim, the attorney may apply * * * to a special term of said court, * * * that there be awarded to him a suitable amount out of the recovery, award, compromise or settlement obtained through his efforts as attorney

on behalf of the infant; the court to which such application is made, * * * shall proceed summarily to determine the value of the services of said attorney, * * * and shall thereupon make an order determining the suitable compensation for the attorney for his services therein, which sum shall thereafter be received by the said attorney for his services in behalf of the said infant; *and no other compensation shall be paid or allowed by the guardian for such services out of the estate of said infant."*

These salutary provisions were enacted not only for the purpose of safeguarding the legal rights of infants, who are the wards of the courts, but to prevent the making of unconscionable agreements between guardians of infants and attorneys.

For years the members of the bar have been aware of section 474 of the Judiciary Law, but notwithstanding its clear and unmistakable language, unfortunately, many attorneys have flouted its provisions by entering into " fifty per cent agreements " with guardians of infants, retaining for themselves the compensation to which they claimed they were entitled under such agreements, and ignoring the specific compensation allowed by the court.

While it is true that the compensation of an attorney for his services is governed by agreement, express or implied, nevertheless, such agreement is only valid and enforcible when it is not restrained by law, but since section 474 (*supra*) imposes certain definite restraints when the agreement is made between a guardian of an infant and an attorney for his compensation, then any agreement between such attorney and guardian in contravention of this section must be denounced as invalid and unenforcible. There is no inhibition under this section upon an attorney entering into an agreement for his compensation dependent upon his success in the prosecution of an infant's claim, but the amount of such compensation may neither be fixed by the guardian nor the attorney, *but must be fixed by the court.*

It is clear that the defendant was entitled to retain only $200 for his services in the infant's action; that he suppressed such fact from the guardian; that he is chargeable with the knowledge that under section 474 (*supra*) the guardian had no right to pay him any additional compensation for his services out of the estate of the infant, and that these facts not only show bad faith on the part of the defendant, but evidence very strongly his criminal intent in withholding and misappropriating the sum of $175.

In my opinion there was sufficient legal evidence before the grand jury to bring the acts of the defendant within the second count of the indictment, and his motion to set the indictment aside is, therefore, denied.