## In the Matter of JOSEPH JEROMER, an Attorney, Respondent.

First Department, January 31, 1930.

*Isidor J. Kresel* [*Sidney Handler* with him on the brief], for the petitioners.

*Stanley C. Fowler* of counsel [*Ralph O. L. Fay* with him on the brief; *Fowler & Fay*, attorneys], for the respondent.

DOWLING, P. J. The respondent was admitted to practice in the Appellate Division, First Department, in October, 1910. By the petition herein he is charged with:

(1) Solicitation of negligence cases.

(2) Employment of persons not members of the bar to solicit and procure contracts and retainers, and the payment or promise to pay them compensation for their services.

(3) The promise of and giving to divers persons not members

of the bar valuable consideration for inducing persons injured in accidents to retain him as their attorney.

(4) Negotiating settlements of cases wherein he had been retained by the parents of infants, receiving the amounts of settlements and paying the balance over to the parents of the various infants, after deducting his fee, usually fifty per cent, without having the settlements approved by the court and without having applied to have his compensation for the services rendered by him fixed by the court, as required by the Judiciary Law and the Special Rules Regulating the Conduct of Attorneys and Counselors-at-Law in the First Judicial Department.

The learned referee to whom the matter was sent to take proof of the charges and report his opinion thereon, has now made his report, with his opinion that the petitioners have failed to sustain any of the charges set forth in the petition and that the proceedings should be dismissed. He sets forth that there are no charges of dishonesty or unfairness on the part of respondent in his dealings with his clients, and that respondent, as proven by numerous witnesses, enjoyed a good reputation for honesty and straight-forward dealing.

The general charge of solicitation of negligence cases under subdivision a of paragraph 5 of the petition, was conceded by petitioners' counsel not to have been sustained, but he claims that specifications b and c of the same paragraph had been established by inference. The referee has given cogent reasons for finding that no such inferences can logically or fairly be drawn. Upon the hearings it was disclosed that in all the infants' cases referred to in the petition, suits had been instituted and applications were made to have the court approve the compromise and to fix the respondent's fee. In every case it appears that the court approved the compromise, but in some instances the court declined to fix the respondent's fee and the petition was accordingly amended so as to charge the respondent with improperly taking a fee in an infant's case without first obtaining an order to fix such fee. It also appeared in a number of instances claims on behalf of infants were settled for small amounts, usually $100 to $150, without any action being brought, in which event, the respondent received and retained for his own use the amount called for by his retainer and paid over the balance to the parent or parents as natural guardians of the infants, without having the amount of his compensation fixed by the court, and the petition was accordingly amended to charge the respondent with improper conduct in so doing.

As to the first class of cases, it appears to have been the practice

of some Municipal Court judges to approve of a settlement in an infant's case, direct the filing of a bond by the guardian *ad litem*, but decline to fix the amount of the attorney's fee, on the ground that section 474 of the Judiciary Law did not apply to the Municipal Court. The respondent would then file a bond on behalf of the guardian *ad litem*, obtain from the insurance company the amount agreed upon in settlement, as approved by the court, deduct the amount called for by his retainer with the guardian *ad litem*, and pay the balance over to the latter. This seems to have been the general practice followed in the smaller class of cases in the Municipal Courts, adopted by attorneys both for insurance companies and for infants, and never questioned, since the justices of those courts in many instances refused to act under the law governing the fixation of such fees as inapplicable to their courts. The referee reports that since this investigation was instituted, insurance companies have declined to make settlement of infants' claims in any case, however small, without a court order approving of the settlement and fixing the amount of the attorneys' fees, and that the justices of the Municipal Court are now following and enforcing the provisions of section 474 of the Judiciary Law wherever application is made to them.

We are of the opinion that the learned referee was in error in entertaining a doubt as to whether section 474 of the Judiciary Law required an attorney to have his fee fixed by the court in an infant's case, even though he qualified that doubt by saying: " Doubtless the better practice would be for an attorney to make such application for his own protection. Without such order, the attorney might at any time be subject to a surcharge if the infant or some one on his behalf should institute a proceeding to that end." We are aware that in reaching this conclusion he was influenced by the interpretation placed upon the law in question by a very distinguished jurist, but we find ourselves unable to agree with either, and believe the statute is plain and unambiguous and its purpose a salutary one, which should be enforced. The provision in question (Judiciary Law, § 474, as amd. by Laws of 1912, chap. 229) reads as follows: " The compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law, except that no agreement made hereafter between an attorney and a guardian of an infant for the compensation of such attorney, dependent upon the success of the prosecution by said attorney of a claim belonging to said infant, or by which such attorney is to receive a percentage of any recovery or award in behalf of such infant or a sum equal to a percentage of any such recovery or award, shall be valid or enforceable unless made

as hereinafter provided. An attorney may contract with the guardian of an infant to prosecute, by suit or otherwise, any claim for the benefit of an infant for a compensation to said attorney dependent upon the success in the prosecution of such claim subject to the power of the court, as hereinafter provided, to fix the amount of such compensation. Whenever such a contract shall have been entered into between an attorney and a guardian of an infant, upon the recovery of a judgment, or the obtaining of an award in behalf of the said infant, or upon any compromise or settlement of such claim, the attorney may apply, upon notice to the guardian, to the judge or justice before whom the said action or proceeding was tried, in case the said action or proceeding was tried at a court held within this State; or to a Special Term of said court, in case the said action or proceeding was tried before some person other than a justice thereof, or said claim was compromised or settled after said suit was begun, or in case of the death or disability of the judge or justice before whom the action was tried; or to Special Term of the Supreme Court in case the recovery, award, compromise or settlement was not had in any court of this State; such application shall set forth briefly the contract, the services performed by the attorney and pray that there be awarded to him a suitable amount out of the recovery, award, compromise or settlement obtained through his efforts as attorney on behalf of the infant; the court to which such application is made, upon being satisfied that due notice of the said application has been given to the said guardian, shall proceed summarily to determine the value of the services of said attorney, taking such proof from either the attorney or the guardian by affidavit, reference or the examination of witnesses before the said court, as to the said court may seem to be necessary and proper, and shall thereupon make an order determining the suitable compensation for the attorney for his services therein, which sum shall thereafter be received by the said attorney for his services in behalf of the said infant; and no other compensation shall be paid or allowed by the guardian for such services out of the estate of said infant. * * *."

The plain purpose of this statute is to insure court control of the amount to be received by an attorney for his services to the guardian of an infant plaintiff. The right to make a contingent agreement with the guardian by the attorney depends entirely for its validity upon the subsequent approval of the court, which is to be applied for when judgment has been obtained in favor of the guardian, or a compromise or settlement had with the defendant. The court is then to determine the value of the services rendered by the attorney, and this, of course, regardless of what

agreement he and the guardian may have made. The question always remains one of the reasonable value of his services rendered, and the guardian is prohibited from paying or allowing the attorney any other or further compensation out of the estate of the infant. The contract, if any, between attorney and guardian, is required to be set forth in the petition, undoubtedly as one of the elements which the judge may take into consideration in fixing the reasonable compensation. The attorney by the very terms of the statute has no power to retain any of the funds paid on judgment, compromise or settlement, but must first obtain the order of the court duly fixing his fee.

This question was judicially passed on in *People* v. *Schacht* (132 Misc. 560). Schacht, an attorney, was indicted for grand larceny in the second degree. He had represented Charles Gaucher, an infant, who had sustained personal injuries in an accident. The infant's mother retained Schacht to bring an action for damages. He was to receive fifty per cent of the recovery. The retainer was signed by the mother. The infant's action was settled for $750. An order was made by a justice of the Supreme Court, New York county, authorizing the compromise of the infant's action for $750 and allowing to Schacht the sum of $200 as compensation for his services rendered in behalf of the infant. Schacht retained $375 instead of the $200 allowed to him by the court. He was indicted for misappropriation of the sum of $175. Thereafter he made a motion to dismiss the indictment upon the ground that the agreement entered into between the infant's mother and himself by the terms of which he was to receive fifty per cent of any recovery, was a valid and enforcible agreement under which he was entitled to the sum of $375, and that, therefore, he did not commit the crime charged in the indictment. Judge ROSALSKY denied the motion to dismiss the indictment upon the ground that section 474 plainly prohibited the attorney or guardian from fixing the amount of the attorney's compensation in the contract of retainer, and that, therefore, the contract of retainer was invalid and unenforcible, and could not justify the retention of the moneys charged in the indictment to have been misappropriated by Schacht. Judge ROSALSKY stated: " While it is true that the compensation of an attorney for his services is governed by agreement, express or implied, nevertheless, such agreement is only valid and enforcible when it is not restrained by law, but since section 474 (*supra*) imposes certain definite restraints when the agreement is made between a guardian of an infant and an attorney for his compensation, then any agreement between such attorney and guardian in contravention of this section must be denounced as invalid

and unenforcible. There is no inhibition under this section upon an attorney entering into an agreement for his compensation dependent upon his success in the prosecution of an infant's claim, but the amount of such compensation may neither be fixed by the guardian nor the attorney, but must be fixed by the court."

Nor do I believe the privilege of applying for an order fixing the amount of compensation is limited to the attorney. On the contrary, it is an additional protection given to the attorney. In practice such applications are often made by the guardian. (See for an example *Martin* v. *Koch & Co., Inc.*, 246 N. Y. 549, affg. 220 App. Div. 707), accompanied by the attorney's affidavit setting forth the nature, extent and value of his services. This is the most direct way. But suppose the guardian refuses to pay the attorney, or repudiates his agreement, or seeks to unduly delay him in the collection of his reasonable fees, the attorney is not left at the mercy of his client, but has the right to make the application himself to have his fees determined. But all this demonstrates that the contract, of and in itself, confers no rights upon the attorney to pay himself out of the infant's funds, or to deduct what he thinks is right, or to hold the proceeds of judgment or compromise indefinitely. The court must determine his reasonable compensation before the attorney has any right to any pecuniary return for his services.

This discussion is necessitated by the nature of the referee's opinion on the subject of the fixation of attorneys' fees by the court in infants' cases. Enough has been said to indicate our view that the statute applies in every case and in the Municipal Courts as well as elsewhere. The additional labor put upon judges by this requirement is one which they should be glad to render, in view of the protection it affords infants who are the wards of the court; and it should be welcomed by attorneys who can be protected from future attack by dissatisfied clients if they have obtained such an order in conformity with the statute.

So far as respondent is concerned, the learned referee has reported that in every instance he made application to the court to have the amount of the settlement of an infant's case approved and his fee fixed. In every instance he set forth in his own affidavit what service he had rendered and accompanied this with the affidavit of the guardian *ad litem*. Because of the erroneous interpretation put by certain Municipal Court justices on section 474 as not applicable to their court, they would approve the settlement, direct the filing of a bond by the guardian *ad litem*, but decline to fix the attorney's fee. With this direction the attorney complied. I do not see what more he could do. He had shown his own good

faith and done all he could. The failure of the justice to act was no fault of his. Whenever the court did in fact fix his fee, the respondent loyally accepted its determination. What the court gave him he accepted, and he made no deduction from the client's share for such disbursements as filing fees and premiums on bonds, but paid them from his share of the settlements.

We concur, therefore, in the conclusion of the referee that the respondent has not been proved guilty of unprofessional conduct and that this proceeding should be dismissed.

FINCH, McAVOY, MARTIN and O'MALLEY, JJ., concur.

Proceeding dismissed.