In the Matter of the Application of ALADA C. SENITHA, Petitioner, Appellant, for an Order Directing FRANCIS A. McGURK, Her Former Attorney, Respondent, to Deliver to Her Certain Papers in the Case of Senitha *v.* State, Claim No. 23722, Now Pending before This Court.

Third Department, October 27, 1937.

*Olcott, Paul, Havens & Wandless* [*Franklin P. Ferguson* and *Neilson Olcott* of counsel], for the appellant.

*Francis A. McGurk,* respondent and attorney in person.

HILL, P. J. This appeal has been taken by a claimant in a proceeding before the Court of Claims from an order denying conditionally her motion to compel her attorney, with whom a controversy has arisen, to deliver the stenographic minutes, maps, exhibits, photographs and other papers to her so that other counsel may complete the matter by filing a brief and proposed findings. After the submission of the evidence, the attorney requested that appellant obtain other counsel. The ground for the request was that her husband had interfered offensively with the preparation of the brief and proposed findings, and had generally harassed respondent. The Court of Claims denied appellant's motion unless she paid $87.75 disbursements incurred by respondent and executed a written assignment to be approved as to form by respondent, fixing the value of his services at and assigning to him sixty-five per cent of the amounts and percentages specified as fees in the agreement for contingent compensation, whereunder his percentage varied with the amount of the recovery. The appellant, although the moving party, assails the jurisdiction of the court to pass upon this controversy between herself and her attorney, and in addition questions generally the legality of the order. The moving party is not estopped from raising the question of jurisdiction as it may not be conferred by consent. (*Stoddard* v. *Stoddard*, 227 N. Y. 13; *Patrone* v. *Howlett*, 237 id. 394, 397.)

At common law there are two kinds of liens available to an attorney. A possessory and retaining lien on all papers, securities or moneys which come into his hands in the course of his employment. This may be asserted for the entire amount owing him, and is dependent upon possession, and may be lost if the papers and property pass from his possession. The second type is one which attaches to the judgment or award which may be obtained through the attorney's efforts and is known as the charging lien. Possession by the attorney of documents or papers connected with the suit or proceeding is not a necessary incident to the enforcement thereof. (*Matter of Weitling*, 266 N. Y. 184; *Robinson* v. *Rogers*, 237 id. 467; *Matter of Heinsheimer*, 214 id. 361.) The common law charging lien is now statutory. (Judiciary Law, § 475.) Under that statute the attorney has a lien from the commencement of

an action or proceeding upon his client's cause of action or claim, which attaches to the verdict, report or decision and to the judgment or final order in his client's favor and to the proceeds. "The court upon the petition of the client or attorney may determine and enforce the lien." The Court of Claims here has sought to deal with the retaining lien and enforce the charging lien. The order summarily fixes the percentage of recovery which the attorney is to be paid at the completion of the litigation. The amount is fixed on the basis of the contingent contract which had existed between the parties. This is error. The contingent contract may be considered in ascertaining *quantum meruit,* but it is also necessary to consider the volume and quality of the professional services actually and necessarily performed. (*Matter of Tillman,* 259 N. Y. 133; *Randall* v. *Packard,* 142 id. 47; *Starin* v. *Mayor, etc., of N. Y.,* 106 id. 82; *People ex rel. Johnson* v. *Supervisors of Delaware County,* 45 id. 196.) On the termination of an attorney's contract of retainer, a cause of action immediately accrues for the reasonable value of his services. He may at once enforce his claim by action. (*Adams* v. *Fort Plain Bank,* 36 N. Y. 255, 260; *Matter of Tillman, supra.*) Under our view, it is unnecessary to determine whether the Court of Claims had jurisdiction to fix the amount of the charging lien, as the portion of the order which purports to do so was made without proper proof and before the judgment was rendered, and for these reasons should be reversed.

In this matter the attorney's retaining lien has only a nuisance value, as the documents and exhibits are intrinsically valueless. The withholding of them prevents the final submission of the case and the creation of a fund to which his charging lien may attach. " The well-established practice of the courts to compel the attorney to deliver up papers or property under such circumstances in spite of the existence of the attorney's retaining lien thereon does not, however, even by analogy, lead to the conclusion that the courts have power to destroy a charging lien on the client's cause of action attaching to the proceeds of judgment or settlement." (*Robinson* v. *Rogers, supra,* 471.) The respondent was in part justified in terminating his contract because of the harassing and irritating conduct of the claimant's husband. However, he should not be permitted to delay and hinder claimant from proceeding with her litigation or to force her to make an unreasonable and illegal assignment.

The control of attorneys to the extent of enforcing the delivery of papers in a suit to a successor is a necessary incident to the hearing of causes by a court. It is possessed by the Court of Claims.

The order should be modified in part by reversing on the law and facts all of the decretory portion which pertains to the assignment of a percentage of any award or judgment hereafter made, and the decretory parts of the order should read as follows:

Ordered that the motion be and the same hereby is granted upon the condition that the claimant and petitioner pay to Francis A. McGurk the sum of eighty-seven dollars and seventy-five cents disbursements.

Further ordered that this in no way affects or determines McGurk's right to compensation for his services rendered prior to the termination of his contract or his charging lien as defined in section 475 of the Judiciary Law.

RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Order modified on the law and facts in accordance with opinion, and as so modified affirmed, without costs.