Rose C. Amato and Sadie D. Amato, Infants, by Louis Amato, Their Guardian ad Litem, Claimants, *v.* The State of New York, Defendant.

(Claim No. 23753.)

Court of Claims, February 20, 1939.

*O'Connell & Aronowitz [Stanton Ablett* of counsel], for the claimants.

Barrett, P. J. This is an application for an order of this court summarily determining the value of attorneys' services rendered claimants in the prosecution of their claims against the State and directing the payment thereof from the amount of the awards herein. The application is based on section 474 of the Judiciary Law which governs payments for services by an attorney representing a guardian *ad litem* of an infant in the prosecution of any claim for the benefit of the infant. This section provides that an attorney for a guardian *ad litem* may upon notice to the guardian apply for such compensation " to the judge or justice before whom the said action or proceeding was tried, in case the same was tried at a court held within this State; or to a Special Term of said court, in case the said action or proceeding was tried before some person other than a justice thereof, or said claim was compromised or settled after said suit was begun or in case of the death or disability of the judge or justice before whom the action was tried or to Special Term of the Supreme Court in case the recovery, award, compromise or settlement was not had in any court of this State."

It will be noticed that said section provides specifically that where the action or proceeding was tried at a court held within the State,

and where there is no disability of the judge and no compromise or settlement of the claim, the application must be made to the judge or justice before whom the trial was had. In *Matter of Senitha* v. *McGurk* (252 App. Div. 304), a proceeding in which it was sought in this court to fix the amount of the charging lien of the attorney for claimant, the question as to whether this court had such power was not determined on appeal by the Appellate Division of the Supreme Court, Third Department, as it was held that our order purporting to do so was made without proper proof and before judgment was rendered. In *Matter of Jeromer* (228 App. Div. 123) it was held that said section 474 of the Judiciary Law applies to the Municipal Court of the City of New York, the court saying in reference to this statute: " Enough has been said to indicate our view that the statute applies in every case and in the Municipal Courts as well as elsewhere." In the present case petitioners are asking for a summary determination of the amount of their compensation. It appears that the guardian *ad litem*, before the prosecution of the claim, made an agreement with petitioners to pay them forty per cent of the amount of recovery and expenses. It also appears that the guardian *ad litem* has consented in writing to the entry of an order fixing the amount of the fee at fifty per cent of the award, and the petitioners ask for an allowance of forty per cent. However, under the statute, whatever may have been the agreement between the guardian and his attorneys as to the compensation, the question remains as to the reasonable value of the services rendered. (*Matter of Jeromer, supra.*)

The statute, as before stated, requires the application to be made to the judge or justice before whom the proceeding was tried, when the trial was had in this State. Such application cannot under the statute be made elsewhere, when there appears no disability of the judge or compromise or settlement of the claim.

The Court of Claims, it is true, has only such powers as are conferred on it by statute. (*People ex rel. Smith* v. *Sohmer*, 163 App. Div. 830.) There is no provision of the Court of Claims Act which permits this court to determine a controversy between private parties, and the question is whether the power here asked is provided by section 474 of the Judiciary Law. That section, in my judgment, confers the necessary statutory jurisdiction upon this court to entertain and pass upon this application. If this were not so it might be that petitioners would have no tribunal before which to proceed. This conclusion is not affected by the prohibition contained in section 33 of the Court of Claims Act relative to the allowance of counsel or attorneys' fees. Obviously the purpose

of that section is to forbid the allowance of such fees as might be imposed in the absence of the prohibition upon the award or judgment and in augmentation thereof. Notwithstanding said consent of the guardian, the practice should follow the statute and proof should be made of the reasonable value of the services upon proper notice to the guardian *ad litem*. (*Meyers* v. *Brooklyn Heights Railroad Co.*, 183 App. Div. 939; affd., 224 N. Y. 556.) The present application is, therefore, denied but without prejudice to a renewal thereof.

MURPHY, J., concurs.