MICHAEL SCOLAVINO, an Infant, by ANTHONY SCOLAVINO, His Guardian ad Litem, Claimant, *v.* STATE OF NEW YORK, Defendant.

Court of Claims, November 7, 1947.

*Weissberger & Leichter* for claimant.

LOUNSBERRY, J. This is a motion for the determination summarily of the value of the services rendered and disbursements paid by Weissberger & Leichter, attorneys for the claimant in the above-entitled matter, and also of the value of services rendered and the disbursements paid by Anthony Scolavino, the guardian ad litem of the infant claimant. Authority for such a motion and determination is found in section 474 of the Judiciary Law, as to the attorneys' services, and in rule 43 of the Rules of Civil Practice, as to the services of the guardian ad litem.

The voluminous affidavit of Weissberger & Leichter, submitted in support of the motion, shows that this action was commenced by the appointment of a guardian ad litem on June 25, 1943, and the filing of notice of intention to file claim on June 29, 1943; that they subsequently filed the claim, secured an order for and conducted at the Harlem Valley State Hospital at Wing-

dale, New York, the scene of the assault which was the basis of the claim, an exhaustive examination before trial of various State employees and records, consuming three full days; that the ensuing trial occupied six days, which is erroneous in that on one of said days no proceedings were had except an adjournment; that their efforts resulted in a favorable judgment in the amount of $9,000, rendered May 6, 1946 (187 Misc. 253); that they subsequently appealed for an increase in the amount for damages to the Appellate Division, Third Department, and that at the same time the State appealed from the whole judgment; that they conducted this appeal which resulted in a judgment of affirmance and an increase in the award to $20,000 (271 App. Div. 618); that the State then appealed the whole matter to the Court of Appeals and there raised a number of new issues; that they also conducted this appeal on behalf of the claimant and were successful in securing on May 22, 1947, a unanimous judgment of affirmance of the decision of the Appellate Division (297 N. Y. 460); and that the resulting judgment for the claimant amounted to $21,137.30. The affidavit further shows that in the course of these various proceedings difficult questions of law were encountered, and that the attorneys were compelled to prepare a number of exhaustive briefs and memoranda of law. It also shows that they incurred disbursements totaling $541.43.

The affidavit further shows that at the time the attorneys accepted the case they entered into a written retainer of agreement with the guardian ad litem to prosecute the claim on a contingent basis, their fee to be 50% of any recovery obtained. They now ask that, in accordance with this agreement, their fee be fixed in the amount of $10,297.93, being 50% of the above-mentioned judgment after deduction of disbursements.

This court is, of course, not bound by the terms of this agreement, since section 474 of the Judiciary Law gives the court full discretion to determine the proper compensation for the attorneys of the infant party. (*Amato* v. *State of New York,* 170 Misc. 136; *Martin* v. *Koch & Co., Inc.,* 246 N. Y. 549.)

This court is well aware that the attorneys for the claimant conducted in this matter a difficult and stubbornly defended case with ability and thoroughness and were eminently successful in their efforts. Nevertheless, it feels that any arrangement whereby an attorney is to receive 50% of the proceeds of an infant's cause of action is unreasonable, excessive and unconscionable, and that no guardian ad litem or other representative of an infant should be permitted to carry out any such agree-

ment. We do recognize the value and utility of a contingent fee arrangement where an infant has no funds with which to prosecute an action, but we feel that ordinarily such a contingent fee arrangement should not exceed approximately one third of the recovery.

With this principle in mind and recognizing that in this case the attorneys have certainly earned the maximum permissible amount, we award them $7,000 for their services, together with their disbursements in the sum of $541.43, making a total of $7,541.43, to be paid from the proceeds of this action.

Turning now to the matter of services for the guardian ad litem, we find from his affidavit and from the affidavit of Weissberger & Leichter that he consulted with his attorneys on various occasions, attended each day of the trial and testified briefly. It is not shown that he performed extraordinary services or even that he was able to be of much assistance in the preliminary investigation of the matter. It is fair to assume that under the circumstances of the case he was able to do and did do little more than to sign such papers and to attend at such times and places as his attorneys directed. In these services he was evidently faithful and we award him therefor the sum of $200, together with disbursements in the amount of $48.40, making a total of $248.40, to be paid from the infant's share of the proceeds of the action. His claim for $60 for loss of time during the trial is disallowed, since he is sufficiently compensated therefor by the award for his services.

The guardian ad litem sought an allowance of $500 for his services, and we have found cases in which comparable sums were allowed. Upon examination, however, it develops that in such cases the guardian ad litem or special guardian was an attorney at law who devoted considerable professional time and service on behalf of the infant whom he was representing. Obviously, this is quite a different situation from that presented in the present case. . . .

Submit order accordingly.