JOHN E. MacLEAN, as Executor, etc., of MARGARET CHURCHILL, Deceased, Appellant, *v.* ALDEN HART, Respondent.

Third Department, January 15, 1930.

*John T. Norton*, for the appellant.

*Theodore R. Haviland*, for the respondent.

DAVIS, J. The order appealed from vacates a temporary injunction which restrained the defendant from prosecuting certain claims in the Surrogate's Court of Fulton county. The appellant urges that both as a matter of law and as an exercise of discretion the temporary injunction should have been continued, as he asked on the motion.

Margaret Churchill died on March 17, 1928, in the ninety-third year of her age. She left a last will and testament made September 25, 1920, which was duly probated in the Surrogate's Court of Fulton county April 28, 1928. The defendant received therein a legacy of $5,000. The plaintiff was named executor and residuary legatee. Neither, so far as it appears, was related to the testatrix.

It is admitted that for several years prior to her death the testatrix was infirm and blind. It seems that at one time or another both parties had undertaken management of the property of the testatrix, which at her death still amounted to $245,000. It was the defendant who was in control of the property during the last years of decedent. He filed with the executor a claim

for $53,511.17 for services rendered in the management of the property between June 19, 1919, and November 22, 1924. Certain credits had been allowed by defendant before presenting it as his net claim.

On November 22, 1924, the defendant entered into a contract with Margaret Churchill in which, in brief, she assigned to him " all interest, dividends, profits and income of every name and nature now due or hereafter maturing or payable to her, to and including the date of her death." The defendant on his part undertook to take entire personal charge of her property and from the income so received by him " to supply and pay for the necessary and proper support, care and maintenance of first party throughout her lifetime and in the same comfortable manner heretofore enjoyed by her; and to pay all bills hereafter contracted for first party's benefit for rent, household provisions and supplies, clothing, care, companionship, nursing and medical attendance." For the services rendered under this contract the defendant received $36,427.12 out of the gross income collected amounting to $47,340.32.

In addition to the amount defendant received under the contract, he makes a claim for $3,344.66 for income accrued but not paid before the death of decedent, and for $6,250, being the increment in value during the period of certain bank stock owned by her. These items were added to the claim of $53,511.17 previously mentioned; and the total claim of $63,105.83 was presented to the executor on June 29, 1928, and was rejected.

Nothing further happened until after the lapse of a year the defendant presented petitions to the Surrogate's Court asking that his legacy of $5,000 be paid, and that the plaintiff render his account as executor, and that on the final accounting the defendant's claim be determined and allowed. Citations were issued and served.

It was at that time that the plaintiff became aroused to bring this action primarily to have the contract above mentioned declared void as unconscionable and obtained through fraud and overreaching practiced upon the decedent, and for an accounting of the profits defendant had received thereunder. Relief was also asked that the defendant be enjoined from prosecuting any claim in the Surrogate's Court.

It may be added that it appears that plaintiff was informed concerning the contract about the time it was made, and was furnished with a copy of it about March 8, 1926. It, therefore, would have been readily possible for him to have anticipated the defendant's resort to the Surrogate's Court, and have obtained original jurisdiction in the Supreme Court in all matters relating to the contract and claims. Instead, he waited until the proceeding

in Surrogate's Court was in motion in respect to some matters at least in which it had unquestioned jurisdiction. We deem it rather late now to remove such matters from the jurisdiction of that court.

There has been much argument concerning the equitable jurisdiction of the Surrogate's Court. In the view we take of it, the question need not be determined here. It is sufficient to say that since 1914 the powers of that court have been greatly broadened by statute to permit the determination generally of matters both legal and equitable necessary to the settlement of the estate. (Surr. Ct. Act, §§ 40, 205, 206; *Matter of Raymond* v. *Davis*, 248 N. Y. 67; *Matter of Akin*, Id. 202.) The plaintiff has brought this action, the defendant has answered. It is unnecessary to determine here whether the surrogate would have had jurisdiction if plaintiff had set up the alleged unconscionable contract as a defense or counterclaim to defendant's claim in Surrogate's Court, or undertaken to have made discovery of assets.

As to the proceeding to compel payment of the legacy, we see no reason why it should be halted or interfered with. Nor is there reason for restraining prosecution of the claim for services from 1919 to 1922. The defendant has chosen his forum and the plaintiff has acquiesced. Little advantage in time or expense would be gained by compelling defendant to litigate that claim in the action to annul a subsequent contract.

As to the two claims arising on the contract, we think a different rule should be applied. The surrogate cannot adjudicate them without passing on the validity of the contract. They should be determined in this contract action.

The order should be modified by granting plaintiff's motion to continue the injunction and restraining the determination in Surrogate's Court of the two claims arising under the contract, to wit, the claims for $3,344.66 and $6,250; and as so modified the order should be affirmed, without costs.

VAN KIRK, P. J., HINMAN, HILL and HASBROUCK, JJ., concur.

Order modified by granting plaintiff's motion to continue the injunction and restraining the determination in Surrogate's Court of the two claims arising under the contract, to wit, the claims for $3,344.66 and $6,250; and as so modified affirmed, without costs.