Angeline Nephew, as Administratrix of the Estate of Robert Nephew, Deceased, Claimant, v. The State of New York, Defendant.

(Claim No. 26126.)

Court of Claims, November 4, 1942.

*Charles E. Congdon* and *G. Sydney Shane* for claimant.

*Charles M. Hustleby* for claimant on the motion.

*John J. Bennett, Jr., Attorney-General* (*Paul Muscarella* of counsel), for defendant.

Dye, J.  A judgment amounting to $13,260.13 has been entered on an award made by this court for damages for the wrongful death of a Seneca Indian who lived in tribal conditions in the Allegany Indian Reservation.  (*Nephew* v. *State of New York*, 178 Misc. Rep. 824.)

The attorneys now make application to have the fair and reasonable amount of their fees fixed by this court and to have the lien thereof impressed upon the proceeds of the judgment. The administratrix joins with the attorneys in requesting this court to fix the compensation.  The dispute relates to the amount, the attorneys requesting the sum of $5,000, plus disbursements of $178.32, while the administratrix allows that $3,000 and disbursements is sufficient.

Jurisdiction to determine the dispute by this court is not dependent upon the administratrix's consent (21 Corpus Juris Secundum, Courts, § 85), but upon the fair intention of the applicable statutes.  The practice in the Court of Claims is the same as in the Supreme Court, except as otherwise provided in the Court of Claims Act, its rules, or the Civil Practice Act (Court of Claims Act, § 9, subd. 9; L. 1939, ch. 860), which has been judicially approved.  (*Ehde* v. *State of New York*, 260 App. Div. 511.)

The Decedent Estate Law (Cons. Laws, ch. 13), section 133 (formerly Code Civ. Proc., § 1903) confers on the Surrogate's Court jurisdiction to summarily pass on the reasonableness of attorneys' fees for services in an action brought in another court by the executor or administrator in their representative capacity, either before or at judicial settlement of their accounts. This power is not exclusive, but concurrent with the Supreme Court and was conferred as a convenience for practitioners rather than a limitation upon or a deprivation of any right possessed by the Supreme Court (*Matter of Atterbury,* 222 N. Y. 355), nor is this the kind of statute wherein the context and the purposes sought to be served thereby compel the giving of a mandatory effect to the permissive "may." (1 McKinney's Statutes, § 177, *People ex rel. Comstock* v. *Mayor,* 12 N. Y. Supp. 890; affd., 128 N. Y. 632.)

The Court of Claims has already construed section 474 of the Judiciary Law (Cons. Laws, ch. 30) by taking jurisdiction of a compensation dispute between a guardian *ad litem* and his attorney (*Amato* v. *State of New York,* 170 Misc. Rep. 136), and to extend its jurisdiction to include disputes with administrators, within section 475 of the Judiciary Law, is but carrying out the fair intention and scope of the statute, the generality of which should be liberally construed (*Fischer-Hansen* v. *Brooklyn Heights R. R. Co.,* 173 N. Y. 492); particularly as the administratrix's claim against the State for damages for wrongful death could only be heard in the first instance in the Court of Claims. (Court of Claims Act, *supra.*)

Having observed the diligent and painstaking efforts of the attorneys during the trial, the examination of their briefs and proposed findings subsequent to the trial, and the showing made on the hearing of this motion, all of which indicated a thorough and careful preparation, the court is of the opinion that thirty per cent of the net amount awarded (that is, excluding the special damage item of $450), amounting to $3,843.04 plus $178.32 for disbursements is fair and reasonable.