WILLIAM S. BUTLER, as Receiver of the Property of BRADY CON-
CRETE CORPORATION, et al., Claimants, *v.* STATE OF NEW YORK,
Defendant.

(Claim No. 23801.)

Court of Claims, February 18, 1943.

*John B. Gilleran* for Clark, Gagliardi, Cunningham & Bailey, for motion.

*Nathaniel L. Goldstein, Attorney-General (James H. Glavin, Jr.,* of counsel), for defendant.

*David H. Hausman* for Socony-Vacuum Oil Co., Inc., judgment creditor.

*Edwin R. Wolff* for William S. Butler, as receiver.

RYAN, J.   Brady Concrete Corporation contracted with the State of New York to construct a group of buildings at Pilgrim State Hospital.   The State breached its contract and this court has rendered judgment for damages sustained.   The Attorney-General has issued a certificate of no appeal but payment of the judgment by the State Comptroller has not been made because of a dispute over the fee to be paid to the attorneys who filed and prosecuted the claim.   Application is now made to this court for an order determining the amount of the attorneys' fees and amending the judgment to direct payment thereof. The application is opposed by the receiver of the corporation, appointed in proceedings supplementary to judgment and hereinabove named as a party claimant, and also by a judgment creditor of the Brady corporation which has not heretofore appeared in any way herein.

While the work of construction was in progress Brady corporation found itself in financial difficulties with its subcontractors who became its creditors and lienors and the situation was solved by an assignment to trustees pursuant to the terms of section 27 of the Lien Law (repealed L. 1936, ch. 539).   The contract work was completed and accepted by the State and, except for the items subsequently litigated, final payment was made.   The assignment which named Sherman, Cummins and Wynn was executed February 14, 1933.   The terms of this instrument were modified by another, executed March 8, 1933, which named First Trust Company of Albany as trustee for certain purposes and relieved Sherman, Cummins and Wynn from certain duties.   Both agreements have been fulfilled by the parties thereto.   The completion of the contract by the trustees under these assignments was entirely proper and lawful.   (*Williamson & Adams, Inc.,* v. *State of New York,* 264 App. Div. 446.)

On January 16, 1934, a judgment against Brady Concrete Corporation and in favor of Zurich General Accident & Liability Insurance Co., Ltd., was recovered in the City Court of the City of New York. On April 20, 1939, Brady corporation by one of its officers was examined in proceedings supplementary to judgment and on June 12, 1939, by order of the City Court William S. Butler was appointed receiver of the corporation.

On July 18, 1933, Socony-Vacuum Oil Co., Inc., recovered a judgment against Brady corporation in the City Court of New York City. So far as the record before us shows, no proceedings were taken thereon except that a transcript of the judgment was filed with the State Comptroller, and that not until June 9, 1941. The attorney for this judgment creditor now suggests that he intends to apply for an order extending Butler's receivership as provided in section 806 of the Civil Practice Act. If and when such an order is made it is difficult to see how it could be effective as of a date earlier than June 12, 1939, the date of the original appointment of Butler as receiver.

Subsequent to the trial of the claim against the State and prior to its submission for determination the judge who heard the trial granted an order, dated December 29, 1939, substituting William S. Butler, as Receiver of the Brady Concrete Corporation, as party claimant in place and stead of the Brady Corporation. This order was made upon the motion of the attorney who now represents Butler in opposing the present application. The order specifically provided (a) that the substitution was " without prejudice to the rights of " the firm of attorneys who now seek their fee and (b) " upon condition that they shall continue to represent the substituted claimant for the protection of their rights, interest and lien, as aforesaid, until the full and complete and final determination of the above claim in the Court of Claims " and (c) " they are hereby permitted to actively prosecute and conduct the above claim in this court."

It is not asserted that either Zurich or Socony was a subcontractor or materialman on Brady corporation's contract with the State or that any debt owing by Brady corporation to either of them was related to that contract. Neither Zurich nor Socony acted to protect its interests until years after the completion of the buildings. Neither should now be heard to complain that the attorneys herein have not earned their money or should not have their stipulated fee or that the amount thereof is excessive. In respect to Zurich's judgment, both it and Butler are bound by the order substituting him as receiver. In respect to Socony's judgment, that corporation took no action

up to the present motion except to file a transcript as above stated.

We have already held that this court has authority to fix the fees and enforce the lien of an attorney for a guardian *ad litem.* (*Amato* v. *State of New York,* 170 Misc. 137), and for an administratrix. (*Nephew* v. *State of New York,* 179 Misc. 124.) The authority extends to an individual or corporate claimant. (Judiciary Law, § 475.) Under this authority, the parties being free to contract, the court should recognize and enforce an agreement made for the attorneys' compensation. (*Matter of Sasson,* 231 App. Div. 524.) Here it appears that Brady, the president, and Friedman, the secretary of the corporation, agreed to pay Clark and Davis, who were the attorneys of record when the claim was filed and when it was tried, a contingent fee of thirty-three and one-third per cent upon the amount which might be recovered; that Brady and Friedman were the only stockholders of the Brady corporation (see agreement of February 14, 1933); that the agreement was approved by Sherman, Cummins and Wynn after their appointment as trustees; that the terms of the agreement were disclosed to Zurich when Friedman, as officer of the Brady corporation, was examined in supplementary proceedings on April 20, 1939. There is indeed no dispute about the terms of the retainer and there is no suggestion of fraud perpetrated or advantage taken. Under these circumstances the court is bound by the agreement. (*Matter of Sasson, supra; Matter of Jacobs,* 169 Misc. 893.) Moreover when we consider the importance of the issues litigated, the time required to prepare the detailed technical and engineering data for presentation to the court and the number of days counsel were engaged in trial, we are satisfied that the attorneys have earned the amount asked. The relief sought upon this application should be granted and the judgment previously entered herein amended accordingly.

Inasmuch as the claim was filed by the firm of Clark and Davis and the trial conducted by that firm and inasmuch as there has been no formal substitution of the successor firm, except as the order dated December 29, 1939, recognized Clark, Gagliardi, Cunningham and Bailey as attorneys to "prosecute and conduct the above claim in this court," the order to be entered herein should direct payment of the attorneys' share to both the original firm and to its successor, both above named.

BARRETT, P. J., concurs.