Vincent A. Lupiano, J.
This is a motion by the defendants to dismiss the complaint for lack of jurisdiction or in the alternative that this court decline to entertain jurisdiction.
*584 The questions to be determined are (1) whether this court has the jurisdiction to overrule a ruling of the Surrogate’s Court; (2) whether this court has jurisdiction over decedents’ estates; and (3) should this court exercise jurisdiction over a proceeding where the Surrogate’s Court has concurrent jurisdiction.
The facts are that the plaintiff alleges that he entered into an oral contract with the decedent in 1954 whereby they agreed to execute mutual wills leaving the residuary of their estates to each other. The wills were duly executed in 1954. In 1955, without knowledge to the plaintiff, the decedent executed a new will leaving the residuary to her natural heirs. After her death the later will was admitted to probate by the Surrogate in New York. It appears that the plaintiff was not cited in the probate proceeding. This action, brought against the executrix and the beneficiaries under the will admitted to probate, seeks to have the will of 1954 of the decedent declared valid, the will of 1955 which was admitted to probate declared void, the terms of the 1954 will carried out in all respects, and a stay of the said executrix from distributing the assets of the estate and an accounting.
As to the first question, with the repeal in 1914 of sections 2647 to 2653 of the Code of Civil Procedure, any authority which might have permitted the Supreme Court to set aside a decree of the Surrogate was eliminated. It follows that this court no longer has jurisdiction to grant that part of the relief requested in the complaint which seeks to have this court set aside a decree of the Surrogate admitting a will to probate (Cassidy v. Savage, 150 Misc. 127).
As to the second and third questions, the relief therein involved is that this court admit the prior will of 1954 to probate and, order specific performance of the agreement of 1954 which culminated in the execution of mutual wills and an accounting. The Supreme Court and the Surrogate’s Court have concurrent jurisdiction in matters involving decedents’ estates (N. Y. Const., art. VI, §§ 1, 13; Civ. Prac. Act, art. 3; Surrogate’s Court Act, art. 3; Noll v. Ruprecht, 256 App. Div. 926, affd. 282 N. Y. 598). Specifically, the Court of Appeals has stated that the Supreme Court may probate a will, take the account of an executrix (Matter of Malloy, 278 N. Y. 429) and grant specific performance of a contract involving the execution of mutual or joint wills (Tutunjian v. Vetzigian, 299 N. Y. 315).
However, this court has only exercised this concurrent jurisdiction sparingly, particularly refraining where all the relief requested may be obtained in the Surrogate’s Court or, in the *585 absence of special circumstances, where the Surrogate has already acted (Wallin v. Nilson, 152 N. Y. S. 2d 72; Grossman v. Kass, 124 N. Y. S. 2d 416; Hirschhorn v. Hirschhorn, 76 N. Y. S. 2d 346; Tuck v. Tuck, N. Y. L. J., Dec. 20, 1957, p. 8, col. 8).
The plaintiff relies on Tutunjian v. Vetzigian (supra). However, it does not appear that the issue of jurisdiction was there raised. Moreover, parties by their stipulations or acquiescence may bind themselves to a judicial proceeding (Matter of Malloy, supra; Barone v. Ætna Life Ins. Co., 260 N. Y. 410; Matter of New York, Lackawanna & Western R. R. Co., 98 N. Y. 447, 453).
In view of the fact that the Surrogate has already acted in this proceeding, that no unusual circumstances are presented, and that the plaintiff may obtain full relief in the Surrogate’s Court (Matter of Venblow, 2 A D 2d 365), this court in its discretion declines to entertain jurisdiction over this action.
Accordingly defendants’ motion is granted upon condition that the Surrogate accepts jurisdiction of the subject matter of this action. Settle order.