■ In the Matter of Charles Hayman-Chaffey, as Executor of John W. Landy, Deceased, Respondent, v Sondra Landy, Appellant, et al., Respondent. [701 NYS2d 24] —Order, Surrogate's Court (Eve Preminger, S.), entered May 24, 1999, which, in a turnover proceeding pursuant to SCPA 2104 involving a claim to certain of the decedent's pension plans by his ex-wife, denied respondent-appellant ex-wife's motion for summary judgment dismissing the petition, and granted petitioner estate's cross motion for summary judgment to the extent of directing respondent pension plan administrator to pay the estate all monies comprising or deriving from the two pension plans in issue, and directing appellant to pay the estate its attorneys' fees, unanimously modified, on the law and the facts, and upon a search of the record, to the extent of directing ap-

pellant to execute any forms, consents or releases required by the administrator to effectuate a transfer and relinquishment of any right, title and interest she may have as the designated beneficiary of the two plans, and to pay to the estate damages in an amount equal to any monies that she has already received from the administrator in relation to either of the plans, and otherwise affirmed, with costs to petitioner payable by respondent-appellant. Order, same court and Surrogate, entered July 12, 1999, which denied appellant's motion to renew, unanimously affirmed, without costs.

Since appellant relinquished any rights she had in the subject plans under her separation agreement with the decedent, incorporated but not merged in the divorce judgment, she would have to disgorge any proceeds received from the administrator regardless of whether the plans qualify as employee benefit plans subject to the ERISA provision that proceeds are to be distributed only to the designated beneficiaries (cf., Weizenecker v Weizenecker, 140 AD2d 517, lv denied 72 NY2d 809). Nor is a genuine issue of fact as to whether the decedent waived this provision of the separation agreement raised by his failure to change the beneficiary, given the uncontroverted evidence of the decedent's dire illness during the entire brief period between his separation from appellant and his death, and circumstances indicating that he believed he did change the beneficiary (see, Curley v Giltrop, 68 NY2d 651). Moreover, appellant is in breach of the separation agreement by reason of her refusal to turn over the proceeds already distributed to her, and her refusal to execute the documents necessary to accomplish a relinquishment of her interest as beneficiary of the plans, and we modify accordingly. We have considered and rejected appellant's other arguments. Concur— Nardelli, J. P., Williams, Wallach and Lerner, JJ.