Matter of Susco (2025 NY Slip Op 52091(U))

[*1]

Matter of Susco

2025 NY Slip Op 52091(U)

Decided on May 16, 2025

Surrogate's Court, Saratoga County

Schopf, S.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
Surrogate's Court, Saratoga County

In the Matter of the Petition of Daniel B. Susco 
 as Administrator of the Estate of MICHAEL C. SUSCO to Discover Property

File No. 2024-580

PARISI, COEN & SACCOCIO, PLLCGerard F. Parisi, Esq.120 Erie BoulevardSchenectady, New York 12305Attorney for PetitionerDEGRAFF, FOY & KUNZ, LLPGeorge J. Szary, Esq.41 State Street, Suite 901Albany, New York 12207Attorney for Respondent

Jonathan G. Schopf, S.

Petitioner, Daniel B. Susco, as Administrator of the Estate of Michael C. Susco filed a November 8, 2024 Petition to Discover Property Pursuant to SCPA §2103 which seeks an Order: (1) directing inquiry relating to decedent's UPS 401(k) account; (2) directing Janelle Susco n/k/a Janelle Trainor, to attend an inquiry and be examined; (3) that Ms. Susco deliver such property to the Estate, if in her possession; (4) or that Ms. Susco be directed to pay the value thereof; and (5) such other and further relief as may be just and proper. 
By Notice of Motion and Motion, dated February 5, 2025, Respondent, Janelle Susco seeks to dismiss the Petition pursuant to CPLR §2221(a) & 3211(a)(2);(3) on the grounds that:
(a) The UPS 401(k) owned by the decedent Michael C. Susco is not a testamentary asset and thus the Court lacks subject matter jurisdiction;
(b) The Stipulation and Decree and Judgment of Divorce dated January 28, 2021 does not constitute a valid waiver by Janelle Susco for purposes of §1056(d)(1) of the Employee Retirement Income Security Act as it is not a Qualified Domestic Relations Order ("QDRO") and does not otherwise comply with requirements for waiver per ERISA or the UPS 401(k)Plan;
(c) Any dispute concerning ownership of the UPS 401(k) is one between living people, and the Court lacks subject matter jurisdiction;
(d) Challenges to provisions of the Stipulation and Decree are in the exclusive jurisdiction of the New York State Supreme Court per the terms of the Judgment of Divorce and the Court lacks subject matter jurisdiction;
(e) Petitioner Daniel B. Susco lacks standing to bring this Petition; and
(f) Such other relief as the Court deems just and proper.
Thereafter, Petitioner filed Opposition papers and Respondent filed Reply papers.[FN1]
On April 30, 2025, the Court heard oral argument on the Motion to Dismiss. As an initial matter, the introduction of extrinsic evidence requires the motion to be considered as one for summary judgment [CPLR §3212] rather than for dismissal [CPLR §3211(c)]. Accordingly, this application is converted to a motion for summary judgment and the court is guided by the attendant standard of review. (See, Robinson v Strong Mem. Hosp., 98 AD2d 976 [App. Div. 4th Dept. 1983]; see also Rovello v. Orofino Realty Co., 40 NY2d 633 [1976]).
SUMMARY JUDGMENTIt is well settled that summary judgment is a drastic remedy and will not be granted if there is any doubt as to the existence of a triable issue. It is a matter of issue finding, not issue determination. "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment, as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v. Prospect Hosp., 68 NY2d 320, 324 [NY 1986]). Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers (Winegrad v. New York Univ. Med. Center, 64 NY2d 851, 853 [1st Dept. 1984]). Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action (Zuckerman v. City of New York, 49NY2d 557, 562 [NY 1980]; In re Saman Estate, NYLJ, March 26, 2004, at 32, col 5 [Sur Ct, Nassau County 2004]). 
To defeat a summary judgment motion, the opposing party must come forward and lay bare his proof. It is the Court's responsibility to determine whether there are issues of fact to be determined, which can only be determined after a trial on the issues. In so doing, the Court must construe the facts in a light most favorable to the non-moving party so as not to deprive that person of his day in court (Russell v. A. Barton Hepburn Hospital, 154 AD2d 796 [3rd Dept. 1989]). 

SUBJECT MATTER JURISDICTION
Respondent advances several arguments that this Court lacks subject matter jurisdiction in this action. As an initial matter, the Surrogate's Court of any county has jurisdiction over the estate of a decedent who was domiciled in the State of New York upon his death, (see SCPA §205). At the time of his death there is no dispute that the decedent was a domiciliary of the State of New York, and more specifically, the County of Saratoga, as such, this Court is conferred with subject matter jurisdiction.
Further, the jurisdiction of the Supreme Court and the Surrogate's Court in matters relating to the estate of deceased persons is concurrent (SCPA §209[10], Colson v. Pelgram, 259 [*2]NY 370, 182 NE 19 [1932]; Matter of Tablet's Will, 55 AD2d 207, 389 NYS2d 899 [3d Dept 1976]; MacLean v. Hart, 228 AD 379,239 NYS 1 [3d Dept 1930]; Crempa v. Oakley, 9 Misc 2d 583, 170 NYS2d 669 [Sup Ct New York County 1958]; Nephew v. State, 179 Misc 124, 37 NYS2d 805 [Ct CI 1942]; In re Johnson's Estate, 34 NYS2d 49 [Sur Ct 1942], aff'd 265 AD 801, 37 NYS2d 425 [1st Dept 1942]). So long as the Surrogate's Court has subject matter jurisdiction over a controversy, its powers are equal to that of the Supreme Court (Cohen v. Weinblatt, 2020 NY Misc. LEXIS 8356 [Sup. Ct. Apr. 28, 2020], citing Matter of Glyn, 59 Misc 3d 1020, 72 NYS3d 722 [Sur Ct Queens Cry 2018]). Wherever possible, all litigation involving the property and funds of a decedent's estate should be disposed of in the Surrogate's Court (Cipo v. VanBlerkorn, 28 AD3d 602 [2d Dept 2006]).
Where all of the relief requested may be obtained in the Surrogate's Court, the Supreme Court should ordinarily refrain from exercising its concurrent jurisdiction, and the Surrogate's Court, as the court first assuming jurisdiction, should retain jurisdiction to the exclusion of the Supreme Court (Cipo, supra; MacLean v. Hart, supra., Dunham v. Dunham, 40 AD2d 912 [3d Dept 1972]). The question of interpretation and enforcement of a separation agreement as it affects a decedent's estate is clearly within the subject matter jurisdiction of Surrogate's Court (In re Estate of Pavese, 195 Misc 2d 1[Sur. Ct. Nassau County 2017]; see also, Matter of Garofalo, 141 AD2d 899 [3d Dept. 1988]).
Respondent next argues that the UPS 401(k) owned by decedent is not a testamentary asset and thus the Court lacks subject matter jurisdiction. The Court agrees that the UPS 401(k) owned by decedent is not a testamentary asset; however, that does not end the inquiry. 
The bulk of Respondent's arguments are centered around ERISA on the premise that the Settlement Agreement is not a Qualified Domestic Relations Order (hereinafter "QDRO")[FN2]
, and therefore, ERISA preempts any claims by the Estate and deprives this Court of jurisdiction to hear this matter. Respondent further argues that absent a QDRO, any purported waiver and assignment of Respondent's rights to the UPS 401(k) runs afoul of the anti-alienation provisions contained in ERISA. Respondent's argument relies heavily upon Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan, 555 U.S. 285 [2009]. 
However, Kennedy involved an estate fiduciary litigating against a plan administrator, which is distinctly different from the facts in the instant matter involving an estate fiduciary petitioning against the named beneficiary under a theory of contract. In fact, in Kennedy, the Supreme Court expressly found, "that such a waiver is not rendered invalid by the text of the antialienation provision, but that the plan administrator properly disregarded the waiver owing to its conflict with the designation made by the former husband in accordance with plan documents" (Kennedy at 285). Petitioner has made clear that he is not seeking to direct the plan administrator of the UPS 401(k) account to pay the Estate directly, rather he seeks the remittal of such monies from Respondent as she may come into possession of the same — in other words, Petitioner essentially seeks a constructive trust on distributions from the UPS 401(k). 
To this end, the Court finds the cases cited by Petitioner to be controlling under the instant facts. The First Department has found that an ex-spouse relinquished any rights she had in the subject plans under her separation agreement and upheld the Surrogate's Court order [*3]directing the disgorgement of any proceeds received (Hayman-Chaffey v. Landy, 267 AD2d 142, 701 N.Y.S.2d 24 [App. Div. 1st Dept. 1999]). The Second Department has also squarely addressed the ERISA arguments proffered by Respondent in an analogous case involving a separation agreement with no QDRO wherein the respondent was disgorged of any monies already received and a constructive trust was imposed upon future distributions (see Matter of Christie, 2017 NY Slip Op 05818, 152 AD3d 765 [App. Div. 2nd Dept.] [Although ERISA prohibits assignment or alienation of benefits while they are held by the plan administrator, contrary to the ex-spouse's contention, once they are paid to the beneficiary, the funds are no longer entitled to that protection]). Christie further found that, "a claim of waiver can be asserted against a designated beneficiary of survivor benefits under a pension plan provided that the waiver is explicit, voluntary and made in good faith." (Christie at 767 [internal citations omitted], see also, Schatz v Feliciano-Schatz, 170 AD3d 766 [App. Div. 2nd Dept. 2019] [finding a valid waiver of claims and requiring the turnover of funds already received.]; In re Estate of Sbarra, 17 AD3d 975, 794 N.Y.S.2d 479 [App. Div. 3rd Dept. 2005] [Having received the benefit of the separation agreement's provisions for division of marital property in the earlier divorce action, respondent may not now assume a contrary position here simply because her pecuniary interests have changed]).
The Court finds that the purported waiver contained in the Settlement Agreement is not invalid as a matter of law as running afoul of the antialienation provisions of ERISA. Rather, there appears to be a question of fact regarding whether such waiver was "explicit, voluntary and made in good faith."[FN3]

STANDING
Respondent also argues that Petitioner lacks standing and that this matter is a dispute between living persons — Respondent and Stephen Susco, the designated beneficiary immediately prior to Respondent, thus depriving this Court of subject matter jurisdiction. Respondent relies entirely on Matter of Liu (2018 NY Slip Op 30665[U] [New York Sur. Ct. 2018]), in support of her position, a case that is entirely inapposite to the facts here. 
First, in Matter of Liu, the designated beneficiary was a recent girlfriend and there was never a separation agreement, divorce decree, or any contract for that matter, wherein the designated beneficiary waived her right to the funds at issue. In the instant Petition, there is a divorce decree that incorporated, but did not merge, a Separation Agreement, wherein it is argued that Respondent expressly waived her claims to all of decedent's retirement accounts, including the UPS 401(k) account at issue. 
Further, Matter of Liu dealt with allegations of fraud and undue influence in the procurement of the new beneficiary designation (see also, Matter of Tong, NYLJ, July 19, 2017, at 27, col 6, 2017 NY Misc LEXIS 2707, at 4 [Sur Ct, NY County 2017] ["If the subsequent beneficiary designation was invalidated due to fraud or undue influence, the proceeds would not be paid to . . . the Limited Administrator of the estate, but to beneficiaries designated in the . . . form."] [emphasis added]). 
Here, Respondent's beneficiary designation was not procured by fraud, deceit, or undue influence, was valid at the time it was made, and thereby properly revoked any prior [*4]designations. As such, the Court finds that Stephen Susco has no claims to the decedent's UPS 401(k) account and Daniel Susco, as Administrator of the Estate is the proper party to bring this action against Respondent,[FN4]
establishing this Court's subject matter jurisdiction

VENUE
Having established subject matter jurisdiction, the Court further finds that venue is properly in Saratoga County. The proper venue for proceedings relating to the estate of a decedent is "the county of the decedent's domicile at the time of his death" (Matter of King, 2017 NY Slip Op 01434, 147 AD3d 1286 [App. Div. 3rd Dept.], citing SCPA §205[1]). 
Based on the foregoing, the Court must deny Respondent's Motion to Dismiss, as converted to Summary Judgment. This Court has subject matter jurisdiction over the Petition, Saratoga County is the appropriate venue, and there are material questions of fact regarding the waiver provisions contained in the Settlement Agreement. 
Furthermore, it appears to the satisfaction of the Surrogate that there are reasonable grounds for an inquiry under Surrogate's Court Procedure Act § 2103 respecting certain property of the decedent, specifically any funds paid from the UPS 401(k) account, which Petitioner avers should be delivered to the estate of Michael C. Susco, and which appears to be imminently payable to and/or in the possession or under the control of Respondent, or within her knowledge or information, which she is withholding from the Petitioner. Therefore it is hereby
ORDERED, that pursuant to CPLR §3212 and §3211(c), Respondent's Motion to Dismiss is hereby considered as a Motion for Summary Judgment; and it is further
ORDERED, that Respondent's Motion to Dismiss is denied in its entirety for the reasons stated herein; and it is further
ORDERED, that an inquiry be had under the Surrogate's Court Procedure Act, and that Janelle Susco, n/k/a Janelle Trainor, be and she is hereby ordered and directed to attend before Hon. Jonathan G. Schopf, Surrogate of this Court, held at the Saratoga County Courthouse, located at 30 McMaster Street, Ballston Spa, New York, on Wednesday, June 11, 2025 at 1:30PM, and be examined with respect to knowledge or information regarding assets of the Decedent within her control, and for such other and further relief as the Court deems just and proper. 
DATED: May 16, 2025HON. JONATHAN G. SCHOPFSARATOGA COUNTY SURROGATEENTEREDPapers Considered:Petition to Discover Property Pursuant to SCPA §2103 dated November 8, 2024 by PetitionerNotice of Motion and Motion to Dismiss dated February 5, 2025 by RespondentAffidavit of George J. Szary, Esq. in Support of Respondent's Motion to Dismiss dated February [*5]5, 2025, with exhibitsAffidavit of Janelle Susco in Support of Respondent's Motion to Dismiss dated February 4, 2025, with exhibitsMemorandum of Law in Opposition to Respondent's Motion to Dismiss dated February 27, 2025Affidavit of Daniel Susco in Opposition to Respondent's Motion to Dismiss dated February 27, 2025, with exhibitsAffidavit of Dennis G. Ellis, II, Esq. in Further Support of Respondent's Motion to Dismiss dated March 14, 2025Affidavit of Janelle Susco in Further Support of Respondent's Motion to Dismiss dated March 9, 2025, with exhibit

Footnotes

Footnote 1:The Court declines to review and consider Attorney Parisi's April 7, 2025 Sur-Reply correspondence pursuant to Rule 5.5 of the Local Court Rules of the Hon. Jonathan G. Schopf.

Footnote 2:It appears all parties agree that the Settlement Agreement waiver provisions do not meet the strict parameters of a QDRO as set forth in ERISA.

Footnote 3:The Court need not delve into the details of the competing factual allegations at this juncture.

Footnote 4:The Court notes that Petition does not seek to alter the beneficiary designation or direct the plan administrator to pay anyone other than Respondent.